## PROGRESSIVE FINANCE CO. v MARSHALL

Ohio Appeals, 1st Dist.
Hamilton Co.

No. 6083. Decided May 4, 1942.

H. Henry Sundermann, Cincinnati, for appellee.

Joseph Schwartz, Cincinnati, for appellant.

## OPINION

By HAMILTON, J.

The plaintiff-appellee was licensed to conduct a finance business under §6346-1 to 13 GC, inclusive, and was engaged in a small loan business.

The defendant-appellant for some years was employed by plaintiff on a monthly salary to make and close loans under the small loan law, and to investigate and collect delinquent accounts in the

Cincinnati territory, and to present and take up with the Company's counsel, both in Ohio and Kentucky such delinquent accounts as were assigned to him which necessitated legal attention.

From time to time, defendant Marshall, with his employer's consent, borrowed money from the plaintiff and made out and closed these loans to himself. These borrowings by Marshall from the Company, his employer, reached an aggregate amount of $1175. While still such employee, Marshall, on or about the 7th day of July, 1940, entered voluntary bankruptcy proceedings. In his schedule of debts in the bankruptcy proceedings, he listed this indebtedness to his employer as a valid debt. Notwithstanding the listing of this debt in his schedule of debts in the bankruptcy proceedings, he, Marshall, continued to make some payments on the indebtedness during the pendency of the bankruptcy matter, until he voluntarily left the plaintiff's employ. Marshall received his discharge in bankruptcy on September 11th, 1940.

This law suit is on a note which purports to have been executed on October 1st, 1940, subsequently to the date of his discharge in bankruptcy, signed by Marshall, and in the sum of $1155.59, the amount of the accumulated indebtedness with interest. The note was in due form and complied with the law controlling a small loan business.

The defense by Marshall was to the effect that when he signed the note in question it was in blank, and that it was signed prior to his discharge in bankruptcy, and that the date, October 1st, 1940, was inserted after his discharge in bankruptcy. Of course, if he were able to establish these facts, the bankruptcy discharge would protect him against the collection of the note. The law is that a debt barred by a discharge in bankruptcy may be revived by a new promise to pay, and a bankrupt may rightfully, at any time between the filing of his petition and his discharge, promise to pay a creditor in full and such promise is enforcible. See **Kramer-Brandes, Inc. v Crawford, 25 O. L. A. 215;** Zavola v Reeves, 227 U. S., 625, and cases there cited.

In 6 Am. Jur., section 530, page 830, we find in the note to said section the rule stated that:

"The traditional theory supporting this rule has been that inasmuch as a discharge in bankruptcy merely affords a complete legal defense to the enforceability of a provable claim, without extinguishing the debt itself, a new promise to pay the debt is supported by the moral obligation of the old debt."

See also 40 A. L. R. 1446.

The case was tried to the court of common pleas on the issue as to the execution of the note and the date thereof.

Marshall testified to the effect that he signed the note prior to the discharge in bankruptcy, and that he signed it in blank, and contends that the note did not constitute a new promise to pay. He also gave some evidence tending to show coercion or duress in procuring this signature for the blank note.

Plaintiff gave evidence through its employees to the effect that the note was drawn by Marshall himself, was filled out by him and duly executed on the date that the note bears, to-wit: October 1st, 1940.

Thus we see there was a sharp dispute of the facts and the trial judge was the sole judge of those facts and the effect of that evidence.

We are of opinion that the evidence justifies the finding that the note was a valid obligation.

The judgment is affirmed.

MATTHEWS, PJ., & ROSS, J., concur.