SOUTHERN OHIO BANK, APPELLANT, *v.* SOUTHERN OHIO
SAVINGS ASSN., APPELLEE.

[Cite as Southern Ohio Bank v. Savings Assn. (1976),
51 Ohio App. 2d 67.]

(No. C-75598—Decided October 12, 1976.)

*Messrs. Squire, Sanders & Dempsey* and *Mr. James M.
Porter,* for appellant.

*Messrs. Beirne & Wirthlin* and *Mr. Michael A. Fulton,*
for appellee.

*Per Curiam.* This cause came on to be heard upon the
appeal; the transcript of the docket, journal entries and
original papers from the Hamilton County Court of Common Pleas; and the assignments of error, briefs and oral
arguments of counsel.

The action was brought by plaintiff, Southern Ohio
Bank (hereinafter called "Bank" or "appellant"), to
permanently enjoin the defendant Southern Ohio Savings
Association (hereinafter called "Savings Association" or
"appellee"), from acts of tradename infringement, unfair
competition and the statutory deceptive trade practices resulting from the appellee's adoption and use of the name
"Southern Ohio" or "Southern Ohio Savings" as part of
its corporate name and in its advertising and business operations in Hamilton County.

On October 1, 1975, the trial court entered its judg-

ment from which appellant duly filed its notice of appeal. In relevant portions, the judgment ordered:

"It is ordered, adjudged and decreed that the plaintiff Southern Ohio Bank is not entitled to an injunction prohibiting the defendant Southern Ohio Savings Association from using the words "Southern Ohio" under any and all circumstances; however

"It is further ordered, adjudged and decreed that the plaintiff is entitled to a permanent injunction prohibiting the defendant from any of the following acts:

"1. Using the words "Southern Ohio" in any other way than in direct association in connection with the words "Savings Association."

"2. Placing any greater emphasis on the words "Southern Ohio" than on the words "Savings Association" and

"3. Using independently of the word "Association" the words "Southern Ohio Savings"; all to the end that the defendant savings association shall hold itself out to the world only by its full corporate name "Southern Ohio Savings Association" for such period of time as it elects to use any corporate name which includes the words "Southern Ohio."

"It is further ordered that this injunction as to the aforementioned acts of Southern Ohio Savings Association applies to any and all communications of any nature whatsoever, through mass media or personal contact or otherwise and whether oral, written or printed, and irrespective of the purpose of such communication.

"The order granting the plaintiff's temporary restraining order is hereby vacated and set aside.

"The plaintiff by its counsel hereby excepts to so much of the order as denies the permanent injunction, and the defendant by its counsel hereby excepts to so much of the order as grants the injunction."[1]

Ten assignments of error are offered, the first of which asserts that:

"The court erred in ruling that the degree of proof

---

[1] Although the Savings Association noted an exception to a portion of the trial court's adjudication, it did not appeal therefrom.

required of plaintiff was by clear and convincing evidence rather than a mere preponderance of the evidence.''

Appellant, of course, urged cases, reasons, texts and arguments why it should have been required to prove its case only by a preponderance instead of by clear and convincing evidence. Appellee's position and argument are that the principles of equity require clear and convincing proof as exacted by the trial court. The truth of the matter is that there appears a measure of uncertainty in this state as to the exact degree of proof which is required in such a case as this, and a definitive pronouncement by the Ohio Supreme Court would seem to be required to eliminate the existing ambiguity. A text writer views the situation thus:

''Sufficiency and Degree of Proof.—The degree of proof needed to establish that an injunction is proper and necessary has been variously stated. It has been said that it must be clear, or, as expressed in other cases, clear and convincing, or clear and unexceptional. In other cases it is said that the right of the plaintiff to the injunctive relief must be clear and the evidence satisfactory. In still other cases it is stated merely that the allegations of the petition must be established by a preponderance of the evidence.'' 29 Ohio Jurisprudence 2d 407, Injunctions, Section 179.

We decide that in view of the injunctive relief sought by the Bank, the degree of proof by which it was required to establish its allegations was by clear and convincing evidence, that is, a somewhat higher degree than a mere preponderance.[2] Thus, we conclude that the trial court correctly decided the sufficiency and degree of proof required in the matter *sub judice*.[3] Among other reasons prompting

---

[2]In *Household Finance Corp.* v. *Altenberg* (1966), 5 Ohio St. 2d 190, 193, it is stated that: "The term, 'clear and convincing,' has a well defined meaning with the bench and bar. It indicates a degree of evidence required in a special type of civil case that is less than the degree required in a criminal case but more than that required in an ordinary civil action."

[3]In support of its first assignment, the Bank urges upon us as persuasive the decision and opinion in *Randolph Data Services* v. *United Computer Systems* (1969), 246 N. E. 2d 784, authored by Judge Keefe,

us to require the Bank to prove its case by clear and convincing evidence is a consideration of R. C. 4165.03, in which it is provided:

"A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it *under the principles of equity* * * *." (Emphasis added.)

The initial assignment of error is not well taken and is overruled.

Assignment of error number 2 claims that:

"The court erred in ruling that the plaintiff had to prove fraudulent intent on defendant's part to establish a right to full injunctive relief."

Our examination of the trial court's judgment, findings of fact and conclusions of law leads us to the inescapable conclusion that the court did *not* require the Bank to prove fraudulent intent. Manifestly, the court below did not withhold the permanent injunction prayed for because of the absence of proof of fraudulent intent. The court withheld the specific full relief sought for other clearly delineated reasons articulated in its opinion and findings of fact and conclusons of law. The court's comment that there was no showing of fraudulent intent amounted to a legally insignificant observation.

The second assignment of error is overruled.

The Bank presented eight other assignments of error, reproduced in the footnote below. Numbers 3 through 9 raise, however, but one real issue: Is the trial court's judgment against the manifest weight of the evidence?[4]

---

in 1969, while a member of the Court of Common Pleas of Hamilton County. *Randolph* involved an action by a business to restrain defendant from using a certain word in its name, and the court there held that the plaintiff must prove its case by a *preponderance of the evidence*. The uncertainty existing in this state as to the exact degree of proof required was noted in *Randolph*. Judge Keefe now joins in holding for clear and convincing proof instead of a mere preponderance of the evidence. The injunctive relief sought in *Randolph* having been denied, reliance upon a preponderance of proof instead of clear and convincing, was of no significance. If "preponderance" cannot be established, *a fortiori* "clear and convincing" cannot.

[4] "Assignment of Error No. 3. The court erred in attaching substantial weight to third party listings of the name "Southern Ohio" and

Numbers 3 through 9 challenge specific findings and holdings of the court below, strongly maintaining that they constitute rulings against the manifest weight of the evidence. Our examination and evaluation of the record require us to disagree with the indicated postulations in these assignments. The credible evidence offered in trial adequately supports the trial court's findings and conclusions disputed in assignments 3 through 9. These assignments are overruled.

Finally, we reach Assignment 10 for assessment. It attacks the judgment below as contrary to law and against the manifest weight of the evidence. In this case, the issue of "contrary to law" seems inextricably tied up with the weight of the evidence. Except for the weight of the evidence consideration, we discern no additional indication that the trial court either misconceived or disregarded controlling statutory or case law. Consequently, we overrule that portion of the assignment which claims a "contrary

the Secretary of State's approval of defendant's use.

"Assignment of Error No. 4. The court erred in finding that plaintiff's survey evidence of likelihood of confusion was entitled to no great weight because it did not also establish actual confusion.

"Assignment of Error No. 5. The court erred in finding that plaintiff's evidence of actual confusion was minimal and harmless and giving no weight to the public's tendency to abbreviate formal corporate names.

"Assignment of Error No. 6. The court erred in holding that "Southern Ohio" was a weak rather than a strong name and not entitled to the same degree of protection or exclusivity as a coined tradename.

"Assignment of Error No. 7. The court erred in finding that there was no substantial likelihood of confusion as a result of defendant appropriating and using plaintiff's "Southern Ohio" name in Hamilton County.

"Assignment of Error No. 8. The court erred in holding that there was no violation of Ohio Revised Code Chapter 4165 prohibiting specified deceptive trade practices.

"Assignment of Error No. 9. The court erred in failing to balance the equities between the parties.

"Assignment of Error No. 10. Insofar as the final judgment denies plaintiff a permanent injunction prohibiting defendant from using the words "Southern Ohio" as a corporate name or tradename under any and all circumstances, it is contrary to law and against the manifest weight of the evidence."

to law" judgment. Assignment 10 seems to reassert claims contained in 3 through 9 which we have already evaluated and overruled. However, we discover that the final assignment *also* challenges, generally, the judgment itself in denying the Bank that quantum of injunctive relief that should have been decreed. This circumscribed segment of the assignment we validate, to the limited extent hereinafter provided, and elect to avail ourselves of the constitutional authority granted in Section 3(B)(1), Article IV, investing the courts of appeals with original jurisdiction "in any cause on review as may be necessary to its complete determination." See also App. R. 12(B). Thus, it is the order of this court that the order of the trial court be modified to the following extent:

Add, thereto, the requirement that in any written or printed form or document to be used by appellee and intended to be communicated to any member of the public, there appear prominently displayed thereon a disclaimer that appellee is not affiliated with the Southern Ohio Bank, and, further, that in any written, printed or oral advertising by the appellee in the mass media using the title of appellee, there similarly appear a statement that the appellee is not affiliated with the Southern Ohio Bank.

We affirm the judgment below and also order the disclaimer as expounded and directed above.

*Judgment affirmed as modified.*

Shannon, P. J., Palmer and Keefe, JJ., concur.