HOUSEHOLD FINANCE CORPORATION, APPELLANT, *v.* JOHNSON, APPELLEE.

(No. 340—Decided February 8, 1978.)

Mr. *Nicholas Carrera,* for appellant.
Mr. *Lawrance R. Lyons,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Wilmington Municipal Court, Clinton County, Ohio; and the transcript of the proceedings, the briefs and the oral arguments of counsel.

Plaintiff sued defendant for $2,196.34, being the balance due on a note which plaintiff claims was for a debt incurred by defendant in buying household furnishings prior to defendant's bankruptcy, the note having been signed by him after a discharge in bankruptcy, with some new consideration. Plaintiff stated that the note had been lost. Defendant denied signing any such note, but he admitted that he had received a new loan of $100 in the post-bankruptcy meeting with plaintiff, against which he had repaid $10. The court awarded a judgment for plaintiff in the amount of $90, having concluded in its separately stated conclusions of law:

"Plaintiff must prove a promise of defendant to pay the discharged bankruptcy debt and the execution of the

new note by clear and convincing evidence."

Plaintiff appealed this judgment alleging three errors, the first of which was that the court erred in holding it to a burden of "clear and convincing evidence." We find this assignment of error to be well taken.

Plaintiff's action was not to replace a lost instrument but to collect a debt. The issue raised by the evidence is whether the defendant had in fact promised, after his discharge in bankruptcy, to pay his pre-existing debt (or any portion thereof). The bar of bankruptcy is a personal privilege which can be waived by a subsequent promise to pay. *Turner* v. *Chrisman* (1851), 20 Ohio 332, at 339; *Progressive Finance Co.* v. *Marshall* (1942), 36 Ohio Law Abs. 482. Plaintiff had one witness to the new promise (plaintiff's branch manager) and defendant had one (himself), but their testimony was in substantial conflict. The degree of proof required under these circumstances is crucial to a judicial resolution of the dispute.

We find no case in Ohio which holds that proof of either (1) a debt newly created after bankruptcy discharged the original debt, or (2) a debt set forth in a promissory note which has been lost, must be by clear and convincing evidence. On the contrary, R. C. 1303.77 permits the owner of lost commercial paper to maintain an action "in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms," with a provision for security to indemnify the defendant against loss by reason of further claims on the instrument. The statute does not require clear and convincing evidence. That degree of proof is reserved for cases in which plaintiff seeks to replace a lost will or a lost deed, formal instruments which in themselves create and prove rights and obligations which cannot be otherwise created or proved.*

---

*Clear and convincing evidence is also required for the exercise of the equitable powers of the court (such as an injunction) and for a number of other actions in which the courts have consistently imposed a burden more demanding than a preponderance of the evidence and less

The correct degree of proof in the instant case was a preponderance of the evidence, and the judgment below must be reversed. Since the resolution of the factual dispute pivots on the credibility of the witnesses, we remand for a new trial.

.Plaintiff's second assignment of error, as we understand it, is that the court erred in failing to state in its "findings of fact" all the facts necessary to support its conclusions of law and the judgment. We find this assignment of error has merit, because the "findings of fact" are inadequate.

We find no merit in the third assignment of error, to the effect that the judgment was against the manifest weight of the evidence, because there was probative evidence tending to substantiate both plaintiff and defendant; a finding for either party would not have been against the weight of the evidence.

We reverse and remand for a new trial.

*Judgment reversed and cause remanded.*

SHANNON, P. J., KEEFE and BLACK, JJ., concur.

---

demanding than beyond a reasonable doubt. See cases assembled in 9 Wigmore, Evidence 329 *et seq.,* Section 2498(2)(3) (3d ed. 1940), and in 30 American Jurisprudence 2d 344, Evidence, Section 1167. Also see, by way of example: R. C. 709.07; *Southern Ohio Bank* v. *Savings Assn.* (1976), 51 Ohio App. 2d 67; *Garrett* v. *Garrett* (1977), 54 Ohio App. 2d 25, note 3; *Borton* v. *Burns* (1967), 11 Ohio Misc. 200. We are not persuaded (as defendant claims) that the following language from *Turner* v. *Chrisman, supra,* at 339, created a burden on plaintiff to prove the existence of a post-bankruptcy promise to pay a pre-existing debt by clear and convincing evidence:

"At the same time, it will be mindful to exact the measure of proof which will show the promise, on the part of the bankrupt, to have been distinct and unequivocal. A vague or conditional promise, or mere acknowledgement of the debt, will not make him liable."

That language says that the promise must be "distinct and unequivocal," not the proof of that promise.