**LANGLEY et al., Appellants,**

v.

**FETTEROLF et al., Appellees.** ▮

[Cite as *Langley v. Fetterolf* (1993), 89 Ohio App.3d 14.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4743.

Decided May 10, 1993.

W. *Leo Keating,* for appellants.

*Gary L. Van Brocklin,* for appellees.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *James J. Misocky,* Assistant Prosecuting Attorney, for appellee Trumbull County Board of Elections.

*Charles McFarland,* for appellee Newton Falls.

---

CHRISTLEY, Presiding Judge.

This is an accelerated calendar case. Appellants James Langley and Terrence M. Mohan appeal a July 13, 1992 judgment entry granting a motion to dismiss pursuant to Civ.R. 12(B)(6) filed by appellees Gideon A. Fetterolf, Jr., Eugene L. Clonch and Linda H. Ott.

Originally, appellees Fetterolf, Clonch and Ott circulated recall petitions seeking the recall of appellants, who were councilmen in the city of Newton Falls. On June 11, 1992, appellees filed the recall petitions in question with the Trumbull County Board of Elections.

Newton Falls, Ohio, had adopted a form of government under R.C. 705.51 that provided for a city manager. When the city residents voted to adopt this form of government, the ballot also contained wording under R.C. 705.03 that adopted provisions contained in R.C. 705.92, governing recall procedures. It provided in part:

"Any elective officer of a municipal corporation may be removed from office by the qualified voters of such municipal corporation. The procedure to effect such removal shall be:

"(A) A petition signed by qualified electors equal in number to at least fifteen per cent of the total votes cast at the last preceding regular municipal election, and demanding the election of a successor to the person sought to be removed, shall be filed with the board of elections. Such petition shall contain a general statement in not more than two hundred words of the grounds upon which the removal of such person is sought. The form, sufficiency, and regularity of any such petition shall be determined as provided in the general election laws."

The recall petitions for each of the appellants stated the same grounds. Specifically:

"The grounds upon which his/her recall is sought are:

"(1) Violation of Article III: Section 12 'Interference with appointments' of the Newton Falls Charter, prohibiting councilmen from giving direct orders to a subordinate of the City Manager; and/or (2) Failure to hold open meetings under the 'Sunshine Law' R.C. 121.22, on several occasions; and/or (3) Failure to fairly and properly represent the citizens of Newton Falls; and/or (4) Permitted Law Director, Debora Kay Witten, to influence his vote for a contract to hire her

husband as City Prosecutor, creating an unlawful interest in a public contract; and/or (5) Failed to require that all expenditures of funds or contracting of indebtedness be enacted by ordinance as required by Article III: Section 15 of Newton Falls Charter."

On June 18, 1992, appellees Dr. William J. Timmins, Jr., Nettie Ashelman, John Kurtz, and Fred Alberini, Jr., all members of the board of elections, certified the petitions as having sufficient signatures. Thereafter, the council of appellee Newton Falls, by resolution, set the date of the recall election for July 28, 1992.

On July 2, 1992, appellants filed a complaint with the Trumbull County Court of Common Pleas requesting that the trial court hold an evidentiary hearing, enjoining the board of elections from conducting any recall, as well as any further relief the trial court found just and equitable. The thrust of the complaint was that the allegations in the recall petitions were false. Appellants did not attack the validity of the signatures.

On July 8, 1992, appellees Fetterolf, Clonch and Ott filed a joint motion to dismiss.

The trial court held a hearing on the requested injunctive relief on July 10, 1992. Appellants presented testimony while appellees chose to offer no testimony.

On July 13, 1992, the trial court dismissed the complaint pursuant to Civ.R. 12(B)(6). Appellants timely filed their notice of appeal on July 20, 1992.

Appellants allege one assignment of error:

"The trial court erred in its granting of defendants' 12(B)(6) motion and in its refusal to enjoin the recall election."

In appellants' assignment of error, they contend that the trial court erred in granting appellees' motion to dismiss and in refusing to enjoin the recall election. The thrust of appellants' argument is that the grounds stated in the recall petitions were false, untrue and misleading, and, therefore, the trial court should have enjoined the recall election.

First, we note that appellants were asking for injunctive relief. An injunction is an extraordinary remedy, and should only be granted if there is no adequate remedy at law. Further, there must be a right to relief clearly demonstrated. The grant or denial of a request for injunctive relief is discretionary with the court. *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595; *Alexander v. Reagan* (Feb. 7, 1992), Portage App. No. 91–P–2280, unreported, at 6–7, 1992 WL 40220; *Fodor v. First Natl. Supermarkets, Inc.* (1992), 63 Ohio St.3d 489, 495, 589 N.E.2d 17, 21.

R.C. 705.92 governs removal of an elected officer of a municipal corporation. That statute permits qualified electors to sign a petition demanding the removal of an elected officer. A petition circulated pursuant to this statute "shall contain a general statement in not more than two hundred words of the grounds upon which the removal of such person is sought." Moreover, "[t]he form, sufficiency, and regularity of any such petition shall be determined as provided in the general election laws." We note there is no provision regarding the necessity for "truth" in the petition.

Appellees argue that appellants are precluded from injunctive relief because they did not first file a protest with the board of elections under R.C. Chapter 3501.

The general elections laws provide that the board of elections shall "[r]eview, examine and certify the sufficiency and validity of petitions and nomination papers." R.C. 3501.11(K). R.C. 3501.39 further provides that a written protest may be filed to challenge the above petition or nomination papers. The board of elections is then required to hold a hearing to determine whether the petition or paper is valid.

Appellants claim that the board of elections did not have jurisdiction to determine whether the allegations on the petition were false; and, therefore, appellants did not have an adequate remedy at law. We agree with part of this premise, *but* note that, as we have previously pointed out, a *right* to relief must also be demonstrated before an extraordinary remedy such as injunctive relief is granted. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631.

■ Under R.C. 705.92, a person circulating a petition for recall is not required to allege even a specific ground, much less prove "good cause" for an officeholder's removal. *White v. Cuyahoga Cty. Bd. of Elections* (Sept. 15, 1987), Cuyahoga App. Nos. 54314 and 54330, unreported, at 2, 1987 WL 17215. The Eighth District went on to say that "courts cannot determine the significance of the charge or the sufficiency of any evidence to support it." That court determined that those were *political issues* for the voters to decide. There is a long tradition of noninterference by the courts in these matters: *Marbury v. Madison* (1803), 5 U.S. (1 Cranch) 137, 2 L.Ed. 60; see, also, *Cincinnati Bd. of Edn. v. Walter* (1979), 58 Ohio St.2d 368, 382–383, 12 O.O.3d 327, 335–336, 390 N.E.2d 813, 822–823.

■ Furthermore, the allegedly false statements on the petitions did not and would not appear on the ballot. The only content that can be included on a recall ballot is the name of the elected official and the options—recall or no recall. *Cf. Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 51 O.O.2d

277, 259 N.E.2d 501. (There, the Supreme Court found that the *ballot statement* resulting from a *referendum* petition was crucial to the integrity of the referendum.)

■ Appellees also argue there was another remedy available in this instance other than injunction, to wit: R.C. 3599.092 and 3599.14, regarding false statements in petitions.[1] There, a complaint must be made to the Ohio Elections Commission before the courts become involved. We agree with the trial judge that this statute is a quasi-criminal one, and serves a different purpose. We see that "remedy" as one which would be unable to affect directly the mechanics of the election process—the relief sought by appellants.

■ Finally, we note that R.C. 3599.092(B) refers only to false statements made in and through "campaign materials." We find that official petitions do not constitute "campaign materials" as contemplated in this statute.

■ Thus, while we agree with appellants that neither R.C. 3501.39 nor R.C. Chapter 3599 *et seq.* provides an adequate remedy at law, we again point out that appellants have not demonstrated any clear, legal *right* which has been violated, certainly not by clear and convincing evidence. *S. Ohio Bank v. S. Ohio Savings Assn.* (1976), 51 Ohio App.2d 67, 5 O.O.3d 183, 366 N.E.2d 296.

We note that no arguments as to a cause of action for defamation have been made.

■ It is clear that the role of the courts in determining the election process is limited to providing relief from any fraud, mistake, abuse of discretion, misinterpretation of statute, or clear disregard for the legal provisions engaged in by the various boards and agencies who *are* charged with supervision of elections. No such allegation has been made here. Further, no requirement for "truth" in the petitions has been demonstrated.

In light of the above, the trial court properly found there was no right to relief:

---

1. The Sixth Circuit Court of Appeals has found a portion of R.C. Chapter 3599 to be unconstitutional. Specifically, the federal court of appeals found R.C. 3599.09(D)(1)(a) and (E) unconstitutional. However, the vast majority of the statute was left intact and provided a remedy for false statements made in an election context.

   The unconstitutional portion of the statute authorized the Ohio Election Commission to levy a fine or impose a cease and desist order for making false campaign statements when that determination was based upon evidence that was less than clear and convincing. The rationale was that such a provision would constitute a prior restraint on otherwise constitutionally protected speech. The provisions of R.C. Chapter 3599 prohibiting false political speech were found to be constitutional. *Pestrak v. Ohio Elections Comm.* (C.A.6, 1991), 926 F.2d 573, 577–579.

   The appellate briefing here made no reference to R.C. 3599.36, which would seem to be more on point than R.C. 3599.092 or 3599.14.

"The electors of Newton Falls have chosen a mechanism that requires the political process to determine the truth or untruth of charges or the propriety of holding the election.

"The results of this method may be expensive and arguably unfair at times, if a small group continues to bring unwarranted or unjustified elections, but the electorate holds within its power the ability to change the law if such events occur. This Court will not interfere with the people of Newton Falls following through on the course of action presently in motion as they have chosen the procedure by open election."

Appellants' redress was at the ballot box.

Therefore, the trial court did not err in dismissing appellants' complaint and in not ordering an injunction. Appellants' assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.