OPINION
This is an accelerated calendar appeal. Appellant, Ross Equipment Corporation ("Ross"), appeals from the judgment entry of the Geauga County Court of Common Pleas, which dismissed its complaint with prejudice.
Ross filed a complaint against appellees, Martha Riggs, Elder High Lift, and Lammbros, Inc. dba Elder Rubber Co., alleging breach of a covenant not to compete and improper use of trade secrets. Ross is an Ohio corporation, based in Cleveland, engaged in the sale and rental of new and used aerial equipment. Ms. Riggs is a former employee of Ross who, upon termination, began her own business refurbishing and selling aerial equipment out of her home, in Chesterland, Ohio, as Elder High Lift, a division of Lammbros, Inc. In its complaint, appellant sought compensatory damages, punitive damages, disgorgement of profits, and an injunction restraining appellees from using trade secrets and enforcing the covenant not to compete.
After a hearing, the trial court, finding no basis for its issuance, denied appellant's motion for preliminary and permanent injunctions. In its judgment entry, filed May 23, 1997, the court concluded that there was sufficient consideration for the covenant not to compete, but that the covenant was invalid because its description of the restricted geographical territory, as the "immediate Cleveland area," was ambiguous. The court asserted that it had the power to modify the agreement under the authority of Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, 25, but declined to do so, since there was no evidence that appellee had violated the covenant not to compete. The court further decided that the identities of trade publications and equipment brokers were not trade secrets; that price lists could be trade secrets, but that there was no evidence that appellee unfairly used such knowledge to her advantage; and, that customer lists could be trade secrets, but that there was no evidence that appellee unfairly used the customer list, on her computer database, to her advantage. The court further ordered that the action should proceed to trial, on appellant's complaint.
On January 15, 1998, the parties entered the following joint stipulations[1] with the court:
 "1. Defendant Martha Riggs did offer at least one vertical lift machine for sale within Geauga County on May 31, 1997 and June 1, 1997 by displaying it in a parking lot with a For Sale sign and agrees not to continue the practice.
 "2. There is no evidence that any of the Defendants have sold any of the equipment that is subject of this action within the geographic area set forth in the Decision and Judgment Entry filed May 23, 1997.
 "4. The Defendants ceased doing business from Defendant Riggs' office in Chesterland, Ohio in June 1997.
 "3. Within the parameters set by the Decision and Judgment Entry dated May 23, 1997, Plaintiff is unable to present any evidence of damages in any future hearing.
 "4. The parties are in agreement that the Court should enter a final order dismissing the Complaint."
Pursuant to the recommendation set forth in the joint stipulations, the trial court dismissed the matter with prejudice, at appellant's costs.
Appellant raises the following two assignments of error for our review:
 "[1.] The trial court erred to the prejudice of Plaintiff-Appellant by failing to enforce the covenant not to compete between Plaintiff and Defendant Martha Riggs as proposed to be modified to the Court."
 "[2.] The trial court erred in finding that Defendants had not misappropriated trade secrets in violation of O.R.C. 1333.61."
These assignments of error deal with the merits of the rulings on the injunction and not the dismissal order, which it is appealing. This appeal appears to be an attempt by appellant to have us review the trial court's order denying its motion for an injunction. According to R.C. 2505.02, such an order is interlocutory and not appealable.
Contrary to appellant's belief, nothing in the trial court's decision precluded it from going forward at trial. An injunction and a trial serve two distinct purposes. The purpose of an injunction is to restrain the commission or continuance of an act which would produce great or irreparable injury to the plaintiff, or when, during litigation, it appears defendant is doing such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render any subsequent judgment ineffectual. R.C. 2727.02. The right to injunctive relief must be shown by clear and convincing evidence. Langley v. Fetterolf
(1993), 89 Ohio App.3d 14, 19, 623 N.E.2d 577. A trial is meant to determine who is liable for harm and award damages, if a defendant is at fault. The denial of the injunction in no way affected appellant's chances to obtain the meaningful relief to which it may have been entitled. Nothing in the trial court's decision precluded appellant from proceeding to a trial before a jury, where it would only have had to prove its damages by a preponderance of the evidence. If we considered this appeal of the denial of an injunction, prior to the issuance of a final appealable order, we would allow appellant to completely circumvent the General Assembly's intent, in R.C. 2505.02, to limit this court's jurisdiction. Therefore, we will only consider whether the trial court's dismissal of the action was proper.
In appellee's pro se brief, she correctly points out that, in joint stipulations, appellant agreed it could not prove damages and that the case should be dismissed. This has the effect of a settlement agreement and the trial court did not err by interpreting them as such. A settlement agreement or stipulation, voluntarily entered into, cannot be repudiated by either party and will be summarily enforced by the court. Spercel v. SterlingIndustries, Inc. (1972), 31 Ohio St.2d 36, 39; 285 N.E.2d 324, quoting Cummins Diesel Michigan, Inc. v. The Falcon (1962),305 F.2d 721, 723. It is within the sound discretion of the trial court to enforce a settlement agreement and this court has no authority to set aside the judgment of the trial court where the record contains some competent, credible evidence to support its decision regarding the settlement. Phillips v. Yellow FreightSys. Inc. (Jan. 25, 1991), Trumbull Case No. 89-T-4217, unreported. Had appellant disputed the dismissal of its claim, it should have filed a motion with the trial court to set aside the dismissal. Id. The joint stipulations submitted to the trial court are overwhelming evidence in support of the trial court's judgment regarding the settlement agreement. Therefore, this appeal has no merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed. ________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J.,
O'NEILL, J., concur.
[1] The above stipulations are shown as presented to the trial court.