DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vincent Niepsuj, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his "Petition for Protective Order or Preventative Injunction." This Court affirms.
 I. {¶ 2} Appellant and Appellee, Barbara Niepsuj, were divorced on July 29, 2003. As a result of the divorce proceedings, a civil protective order ("CPO") was established limiting Appellant's interaction with Appellee and their three children. Appellant was subsequently convicted of violating the CPO. In addition to the legal proceeding regarding Appellant's violation of the CPO, Appellant has been involved in numerous legal proceedings as a result of the circumstances surrounding his divorce. He filed suit against counselors that he and his wife met with before their divorce and against psychologists and health care providers. Additionally, Appellant filed a defamation suit against Appellee. Each of Appellant's prior claims has been found to lack merit.
 {¶ 3} In the instant case, Appellant moved the trial court for a cease and desist order. He requested that the trial court enter a CPO on his behalf or alternatively issue a preventive injunction on his behalf. The thrust of Appellant's argument seems to be that Appellee speaks poorly of him to others. Appellant was granted a hearing before a magistrate to present his issues. The hearing was adjourned after Appellant was granted nearly forty minutes to speak his mind on a variety of issues. Subsequently, the magistrate denied Appellant's motion. Appellant filed objections to the magistrate's decision which were denied by the trial court. Appellant timely appealed, raising five assignments of error.
 II. ASSIGNMENT OF ERROR I
"The court erred as a matter of law in that it did not make a de novo review of the issues raised in appellant's objections[.]"
 {¶ 4} In his first assignment of error, Appellant contends that the trial court failed to conduct a de novo review of the decision issued by the magistrate. This Court disagrees.
 {¶ 5} Civ.R. 53(E)(4)(b) dictates the actions taken by a trial court following objections to a magistrate's decision by stating:
"Disposition of objections. The court shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
In its judgment entry, the trial court stated as follows:
"After a review of Plaintiff's objection and brief, the Magistrate's Decision, and other documents in the file, this Court overrules Plaintiff's objection."
The court's judgment entry goes on to specifically address each of the claims raised by Appellant's petition. As such, there is no support in the record for Appellant's contention that the trial court failed to conduct a de novo review of the magistrate's decision. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The court erred as a matter of law in deciding that Appellant's request for a preventative Injunction — Pursuant to [R.C.] 3113.31 — should be held to a higher standard of proof than that allowed by the injunctive relief supplied via the Court's Standard[.]"
 {¶ 6} In his second assignment of error, Appellant contends that the trial court applied the incorrect standard of proof to his claim for injunctive relief. We find that Appellant's contention lacks merit.
 {¶ 7} Initially, this Court notes that R.C. 3113.31 authorizes the issuance of civil protective orders, not injunctions. However, as Appellant's petition requested both a protective order and in the alternative an injunction, we will discuss the proper standard of proof for each remedy.
 {¶ 8} Injunctive relief is subject to a clear and convincing standard of proof. Langley v. Fetterolf (1993), 89 Ohio App.3d 14, 19. Appellant's alternative remedy, a CPO, is subject to a preponderance of the evidence standard of proof. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. The trial court's judgment entry reflects that the trial court used the appropriate standard of proof for each of Appellant's remedies. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The court abused its discretion in failing to ever address with particularity the merit of the cease and desist request[.]"
 {¶ 9} In his third assignment of error, Appellant contends that the trial court did not address his request for a cease and desist order with particularity. This Court disagrees.
 {¶ 10} The judgment entry in this matter reflects that the trial court reviewed the testimony given by Appellant at his hearing before the magistrate. The trial court went on to conclude that Appellant had not demonstrated any legal wrong being done by Appellee that would warrant an injunction or a protective order. Accordingly, the trial court concluded that "there is no basis for a cease and desist order." As such, there is no merit in Appellant's argument that his request was not properly considered by the trial court. Accordingly, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The court committed plain error by not scheduling an additional hearing when there simply was not enough time on october 6, 2003[.]"
 {¶ 11} In his fourth assignment of error, Appellant contends that the trial court erred when it limited his testimony to one fifty-minute hearing. This Court disagrees.
 {¶ 12} Appellant did not object when the magistrate ended his hearing after fifty minutes, and as such has limited his argument to the contention that the trial court committed plain error.
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, paragraph one of the syllabus.
 {¶ 13} This Court cannot say that the instant case is one of those extremely rare cases. Appellant was given free reign to discuss his concerns for nearly forty minutes before the magistrate. A vast majority of the hearing was devoted to the magistrate permitting Appellant to speak his concerns completely uninterrupted. As such, this Court cannot find that the basic fairness of the proceedings below was undermined by the failure of the magistrate to give Appellant an unlimited period of time to voice his concerns. Accordingly, Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"The court was in some abuse of discretion in proposing [the] option of a consent entry[.]"
 {¶ 14} In his final assignment of error, Appellant contends that the trial court erred in proposing that the parties attempt to reach an amicable agreement regarding their current dispute. This Court disagrees.
 {¶ 15} There is simply nothing in the record or in the law to support Appellant's contention. No consent agreement was entered into in this matter. However, Appellant contends that the mere proposal by the trial court that a consent agreement may be beneficial to both parties was reversible error. Given that the trial court took no official action and that no consent agreement was entered into between the parties, Appellant cannot possibly demonstrate prejudice resulting from the magistrate's proposal. Accordingly, Appellant's final assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Batchelder, J. Concur.