OPINION
{¶ 1} Appellant Theresa Nameth Chapin, individually and as the executrix of the estate of Anne Carabine, filed a multiple count complaint in the Mahoning County Court of Common Pleas regarding the distribution of $300,000 allegedly held in trust by Appellee Donald Nameth in two joint and survivorship accounts. Appellee is a nephew of the decedent. There are five other plaintiffs in this case who also claim an interest in the alleged trust. The accounts were joint tenancy with right of survivorship when they were created. During the proceedings, Appellant filed a motion for a preliminary injunction to prevent any more of the funds from being spent, and the motion was denied. It is the judgment entry denying the preliminary injunction that forms the basis of this appeal. We earlier ruled that the trial court judgment was a final appealable order.
 {¶ 2} This case falls within the holding of Wright v. Bloom (1994),69 Ohio St.3d 596, 602-603, 635 N.E.2d 31, which established a conclusive presumption that parties who open a joint survivorship account intend that the surviving party own the account upon the other party's death. Under Wright v. Bloom, the parties cannot use extrinsic evidence to establish a different intent except upon a showing of fraud, duress, undue influence or lack of capacity on the part of the decedent. The decedent in this case opened bank accounts with Donald Nameth as the joint tenant with rights of survivorship. As such, upon the death of either party, the surviving party automatically obtains ownership of the funds. Appellants have not attempted to prove fraud, duress, or lack of capacity in support of their motion for preliminary injunction. Appellants argue on appeal that some type of undue influence occurred, *Page 2 
but the record does not support this argument. One of the elements necessary to consider when granting a preliminary injunction is a likelihood of success at trial. Appellants failed to provide evidence to show they had any likelihood of success at trial. Therefore, they were not entitled to a preliminary injunction, and the judgment of the trial court is affirmed.
 History of the Case {¶ 3} According to the complaint, Anne Carabine and Appellee Donald Nameth established two joint tenant with rights of survivorship accounts on or about February 18, 2006. Donald Nameth is Anne's nephew. One account was a checking account, and the other was a money market account. The total deposited in the two accounts was approximately $300,000. The accounts were opened with National City Bank. Anne Carabine and Donald Nameth signed signature cards to open the accounts. Those signature cards stated that the accounts were personal accounts and that, "[i]f more than one Depositor then all are joint with right of survivorship."
 {¶ 4} Anne Carabine died on or about August 10, 2006. She died without children or a spouse.
 {¶ 5} After Anne's death, a dispute arose over the disposition of the funds remaining in the accounts. On June 21, 2007, Appellants filed a complaint including six claims: declaration of express trust, declaration of resulting trust, conversion, constructive trust, concealment of assets, and tortious interference with expectancy. The Appellants were the plaintiffs in this case and include the executrix of Anne Carabine's probate estate, along with a number of parties who claimed some interest *Page 3 
in the assets, although their relationship to the decedent are not made clear in the complaint.
 {¶ 6} On August 8, 2007, Appellants filed a motion for preliminary injunction to prevent Appellees from disposing of the remaining assets still held in the accounts.
 {¶ 7} On August 24, 2007, Appellees filed their answer, alleging as defenses that the decedent made a gift to them of the assets, that the court lacked subject matter jurisdiction and venue, that there was no cognizable cause of action stated in the complaint, and that plaintiffs failed to join necessary parties.
 {¶ 8} On August 27, 2007, the court granted leave to add National City Bank and First Place Bank as defendants.
 {¶ 9} The court granted a temporary injunction on August 27, 2007.
 {¶ 10} On September 7, 2007, Appellants requested to add a seventh count to their complaint, breach of fiduciary duty. The motion was denied on September 13, 2007.
 {¶ 11} The court held a hearing on the preliminary injunction motion on October 30, 2007. The hearing was held before a magistrate. Only part of the hearing transcript has been included in the record.
 {¶ 12} On November 5, 2007, the magistrate issued its decision regarding the preliminary injunction. The magistrate found that Anne Carabine and Donald Nameth established joint accounts with right of survivorship with National City Bank, that Donald took control of the funds at Anne's death, and that there was no showing of any fraud, coercion, duress, or lack of capacity on the part of Anne Carabine when *Page 4 
she established the accounts. The magistrate concluded that, on the basis of Wright v. Bloom, Appellants were not entitled to a preliminary injunction.
 {¶ 13} Appellants filed objections to the magistrate's decision on December 10, 2007. On January 24, 2007, the court overruled the objections and issued its opinion denying the preliminary injunction. Appellants filed this appeal on January 29, 2008.
 {¶ 14} On March 24, 2008, Appellees filed a motion to dismiss the appeal for lack of a final appealable order. We filed a journal entry on April 1, 2008, overruling the motion to dismiss.
 ASSIGNMENT OF ERROR {¶ 15} "The trial court erred in denying appellants' motion for preliminary injunction."
 {¶ 16} Appellants argue that they satisfied the requirements of a preliminary injunction. "Ordinarily, a party requesting a preliminary injunction must show that (1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." Procter Gamble Co. v. Stoneham (2000), 140 Ohio App.3d 260, 267, 747 N.E.2d 268.
 {¶ 17} An injunction is an equitable remedy that should be used only when an adequate remedy at law is not available. Garono v. State (1988),37 Ohio St.3d 171, 173, 524 N.E.2d 496. "The purpose of a preliminary injunction is to preserve the *Page 5 
status quo of the parties pending a decision on the merits."Dunkelman v. Cincinnati Bengals, Inc., 158 Ohio App.3d 604,2004-Ohio-6425, 821 N.E.2d 198, ¶ 45.
 {¶ 18} A trial court's decision to grant or deny a motion for a preliminary injunction is reviewed for abuse of discretion. DanisClarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist. (1995),73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 19} The right to a preliminary injunction must be proved by clear and convincing evidence. S. Ohio Bank v. S. Ohio Savings Assn. (1976),51 Ohio App.2d 67, 5 O.O.3d 183, 366 N.E.2d 296.
 {¶ 20} Appellants' primary argument is that the decedent intended to create a trust rather than a joint and survivorship bank account when she signed the signature cards creating the accounts. Appellants do not allege that any fraud occurred in the creation of the accounts. Appellants acknowledge that the bank accounts were joint tenant with rights of survivorship accounts and there are no disputes about the validity of the signature cards that established the accounts.
 {¶ 21} The seminal case of Wright v. Bloom, supra, created a conclusive presumption that the parties who create a joint and survivorship deposit account intend that the survivor owns the assets remaining in the account upon the death of the other joint tenant. This presumption cannot be challenged by evidence extrinsic *Page 6 
that contradicts the signature cards or other contractual documents creating the accounts.
 {¶ 22} Wright v. Bloom established a conclusive presumption in two ways. The first is found in paragraph one of the syllabus:
 {¶ 23} "The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime."
 {¶ 24} This holding of Wright v. Bloom was a reaffirmation of the Supreme Court's prior holdings that, "recognized the joint and survivorship account as a viable non-probate mechanism by which a person may transfer property at death without having to give it away during his lifetime." Id. at 600. This survivorship presumption establishes that the surviving party has the immediate right to the sums remaining in the account, thus bypassing the need for the funds to work their way through the probate process.
 {¶ 25} In this case, Appellants wanted to prove that the decedent did not intend for Donald Nameth to have survivorship rights, but rather, intended him to be a trustee with no survivorship rights. According toWright v. Bloom, Appellants are foreclosed in this attempt. In order to show a different intent than the intent printed on the signature cards, which was that the parties intended to create a joint and *Page 7 
survivorship account, Appellants would be forced to use extrinsic evidence, in direct contradiction of the Wright v. Bloom holding.
 {¶ 26} The second way that Wright v. Bloom established a conclusive presumption of survivorship is found in the second paragraph of the syllabus:
 {¶ 27} "The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death. (In re Estate ofThompson [1981], 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus, overruled.)"
 {¶ 28} According to this section of the syllabus, opening the account is, in and of itself, conclusive evidence of intent, unless one first proves fraud, duress, undue influence or lack of capacity. Appellants have clearly indicated that they are not bringing a fraud claim, and they have not offered any evidence of duress, or lack of capacity. Appellants' do try to argue that the decedent made a mistake in creating the survivorship accounts in the first place, or was mistaken in believing that Donald Nameth would freely divide up the account and distribute it to the various plaintiffs in this case instead of keeping it himself. Whether or not the decedent made such a mistake is irrelevant. One of the objectives of Wright v. Bloom was to reduce the amount of litigation over joint and survivorship accounts in Ohio by creating a conclusive presumption about the intent of parties who form joint and survivorship accounts. Id. at 604, 635 N.E.2d 31. If a party were permitted to argue that the *Page 8 
decedent made a mistake in opening the account, and if such an argument could overcome the Wright v. Bloom presumption of intent, then the primary holding of Wright v. Bloom would have no meaning.
 {¶ 29} Appellants also argue that some type of undue influence may have occurred when the accounts were opened because Appellee held some sort of position of trust with the decedent. They claim this created a fiduciary relationship that further established a counter-presumption of undue influence. Thus, Appellants argue that Wright v. Bloom does not apply because they presume undue influence occurred. The record does not support Appellants' argument.
 {¶ 30} "`A fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." Lippy v. Society Natl. Bank (1993),88 Ohio App.3d 33, 39, 623 N.E.2d 108, quoting Stone v. Davis (1981),66 Ohio St.2d 74, 78, 419 N.E.2d 1094. When a fiduciary relationship exists between a creator of a joint and survivorship account and a surviving beneficiary, a presumption of undue influence arises. Gotthardt v.Candle (1999), 131 Ohio App.3d 831, 835, 723 N.E.2d 1144; In reScott (1996), 111 Ohio App.3d 273, 675 N.E.2d 1350; Studniewski v.Krzyzanowski (1989), 65 Ohio App.3d 628, 584 N.E.2d 1297.
 {¶ 31} However, Appellants have not established any type of fiduciary relationship between Appellee and the decedent. No evidence of such a relationship was offered. The only type of relationship shown in the record is that Appellee was the decedent's nephew. The mere relationship of aunt to nephew does not create a *Page 9 
fiduciary relationship, nor does it create the presumption of undue influence. McAdams v. McAdams (1909), 80 Ohio St. 232, 243-44,88 N.E. 542; Landskroner v. Landskroner, 154 Ohio App.3d 471, 2003-Ohio-4945,797 N.E.2d 1002, ¶ 42.
 {¶ 32} Without some evidence or other proof of a fiduciary relationship, Appellants were required to establish all the elements of undue influence: namely, that the decedent was susceptible to influence, that there was an opportunity to exert undue influence on the decedent, that improper influence was actually exerted or attempted, and that the resulting transaction showed the effects of such influence. Redman v.Watch Tower Bible Tract Soc. of Pennsylvania (1994), 69 Ohio St.3d 98,101, 630 N.E.2d 676. Appellants did not attempt to prove these elements to the trial court, either, and the record does not support this finding.
 {¶ 33} Based on Wright v. Bloom, Appellants cannot prove any likelihood that they would win on the merits of their case. Thus, they could not establish the first element of a preliminary injunction. The trial court did not abuse its discretion in denying the preliminary injunction. Appellants' sole assignment of error is overruled and the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs. *Page 1