**GOTTHARDT, Exr., Appellant,**

v.

**CANDLE, Appellee.**

[Cite as *Gotthardt v. Candle* (1999), 131 Ohio App.3d 831.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 97–CO–50.

Decided Feb. 22, 1999.

---

832

*Dean F. Ferris,* for appellant.

*Lawrence W. Stacey,* for appellee.

---

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, Probate Division, dismissing the complaint for concealment of assets filed by plaintiff-appellant, Evelyn Earline Gotthardt, executor of the estate of Elva E. Mark, deceased, and finding in favor of defendant-appellee, Gladys Candle, with regard to her counterclaim for declaratory judgment.

Elva E. Mark died on January 12, 1997. In November 1992, years prior to her death, the decedent had executed a general power of attorney to her niece, the appellee. Pursuant to the power of attorney, appellee withdrew $80,582.30 on January 3, 1997, from an account located at Bank One in Salem, Ohio, which was held in the sole name of the decedent.

Appellee placed $30,582.30 in a savings account at Citizens Banking Company in Washingtonville, Columbiana County, Ohio, to be held solely in her name. Appellee further placed $50,000 into a certificate of deposit at Citizens Banking Company to be held in a joint and survivorship account in her name and the name of the decedent. Appellee stated that she visited the decedent on January 3, 1997, and received explicit instructions to make these transactions. Appellee explained that once the transactions were completed, she again visited the decedent, notified her, and received her express approval concerning them. Appellee acknowledged that there were no witnesses to her verbal exchange with the decedent regarding these transactions.

Immediately following the decedent's death, appellee withdrew $10,000 from the savings account at Citizens Banking Company, ostensibly under the belief that she would be required to pay the decedent's expenses upon her death. Although appellee placed these funds into her own personal account, she returned it to the savings account two weeks later upon learning that she was not the executor of the decedent's estate. On February 12, 1997, appellee had a check issued to the decedent's estate in the amount of $31,161.86, representing the original deposit of $30,582.30 into the savings account at Citizens Banking Company held solely in her name, plus interest.

On February 24, 1997, appellant filed a complaint for concealment of assets against appellee addressing the ownership of the $50,000 certificate of deposit held in joint and survivorship form in the names of appellee and the decedent at Citizens Banking Company. Appellee filed an answer and counterclaim for declaratory judgment on March 21, 1997.

Appellant thereafter moved for a determination that appellee had the burden of proof on the issue of fairness of the transaction and that appellee was in a fiduciary relationship with the decedent, and, therefore, had the burden of rebutting the presumption of invalidity concerning the transfer of the decedent's assets by clear and convincing evidence. Both parties submitted trial briefs with regard to these issues, and on July 11, 1997, the trial court filed a judgment entry determining that counsel would have an adequate opportunity to argue questions of law as they occurred during the trial.

This matter proceeded to a bench trial on July 16, 1997. Both parties stipulated that Citizens Banking Company had no documentation that would be probative of the pending issues and that it did not have a signature card on record for the certificate of deposit in question. The trial court issued its opinion and judgment entry on August 13, 1997, finding that appellant had failed to establish any fraud, duress, undue influence, or lack of mental capacity and that the establishment of the certificate of deposit was conclusive evidence of the decedent's intent to transfer to appellee the balance remaining in that account at the time of her death. The trial court additionally addressed the issues presented by appellant in her motion on appellee's burden of proof. The trial court dismissed appellant's complaint and found in favor of appellee on her counterclaim, thereby determining that the certificate of deposit in question was the property of appellee. This appeal followed.

Appellant sets forth four assignments of error on appeal.

Appellant's first and second assignments of error are related and allege:

"The trial court erred to the prejudice of the plaintiff-appellant by failing to rule on the motion to rule on burden of proof that the defendant, Gladys Candle, must go forward with the burden of proof on the issue of the fairness of the transaction.

"The trial court erred to the prejudice of the plaintiff-appellant by failing to rule on the motion to rule on burden of proof that the defendant, Gladys Candle, was in a fiduciary relationship with Elva Mark and had the burden of rebutting a presumption of invalidity concerning transfer of decedent's assets to the defendant by clear and convincing evidence."

Appellant argues that the trial court erred in its decision on her motion regarding the burden of proof on appellee. Appellant avers that appellee had the

burden of rebutting both a presumption of invalidity of the transaction in question and a presumption of fraud. Appellant states that appellee's self-serving testimony was not sufficient to overcome these presumptions.

In its opinion and judgment entry filed August 13, 1997, the trial court stated:

"The Court, in response to a pretrial motion comparable to a motion in limine, ruled that the burden of proof herein would be governed by *Wright v. Bloom.* This court overruled the written argument of the plaintiff that the defendant carry the burden of proof on any issues relating to her fiduciary capacity. While the Court reviewed the written arguments of counsel with great interest and found them somewhat persuasive, plaintiff's counsel admitted during the merit hearing that he was unable to present any controlling authority requiring this Court to adopt his arguments. Nevertheless, *this Court finds* the evidence so compelling *that it will be possible for the Court to weigh the evidence as though the burdens of proof previously set forth by plaintiff's counsel were in fact the law in this jurisdiction.*" (Emphasis added.)

Appellee does not dispute that the holder of a power of attorney has a fiduciary relationship with the principal. Such a relationship is " 'one in which special confidence and trust is reposed in the integrity and fidelity of another * * * by virtue of this special trust.' " *In re Scott* (1996), 111 Ohio App.3d 273, 276, 675 N.E.2d 1350, 1352, quoting *Stone v. Davis* (1981), 66 Ohio St.2d 74, 78, 20 O.O.3d 64, 66–67, 419 N.E.2d 1094, 1097–1098. In such a relationship, the person who holds the power of attorney bears the burden of proof on the issue of the fairness of the transaction. *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 166, 542 N.E.2d 654, 660.

Where a fiduciary relationship exists between a creator of a joint and survivorship account and a surviving beneficiary, there is suspicion that the transaction resulted from undue influence, and a presumption of undue influence arises. See *Studniewski v. Krzyzanowski* (1989), 65 Ohio App.3d 628, 584 N.E.2d 1297; *Scott, supra.* Once this presumption arises, the burden of going forward with evidence shifts to the beneficiary to show that her conduct was free of undue influence. *Studniewski, supra.* The court in *Studniewski* also held that although the party with the superior position must go forward with proof on the issue of undue influence and fairness of the transaction, the party attacking a completed transaction retains the ultimate burden of proving undue influence by clear and convincing evidence.

Appellee provided evidence as to the facts and circumstances surrounding the transaction in question by offering documentary evidence and testimony. Once appellee met her burden of going forward with evidence tending to prove

the fairness of the transaction, the burden of proof shifted to appellant to prove fraud, duress, undue influence, or lack of capacity.

Clearly, although the trial court overruled appellant's motion, it ultimately considered the evidence presented in accordance with appellant's original request on the nature of appellee's burden of proof. Therefore, appellant was not prejudiced and any error committed by the trial court in overruling appellant's motion was harmless. See Civ.R. 61.

Appellant's first and second assignments of error are without merit.

Appellant's third assignment of error alleges:

"The trial court erred to the prejudice of the plaintiff-appellant by ruling that the defendant, Gladys Candle, operating under a power of attorney from the decedent, could remove a sum in excess of $80,000.00 from a bank account or accounts in the name of Elva E. Mark, open a joint and survivorship account in the name of Gladys Candle and Elva E. Mark in a different bank and be entitled to the proceeds upon the death of the said Elva E. Mark, as the surviving owner."

Appellant argues that due to the lack of any evidence, other than appellee's self-serving testimony that the decedent knew, or was capable of knowing, the circumstances surrounding the withdrawal of her funds and subsequent deposits, the trial court erred in finding that appellee had the authority to make the transactions in question and that she was entitled to the proceeds from the certificate of deposit upon the decedent's death. It is unrefuted that the decedent did not sign a signature card or other bank document to evidence her intent to create a joint and survivorship account and that Citizens Banking Company had no documentation whatsoever that would be probative of the pending issues.

Appellant concludes that the decedent would not have intended that appellee receive the certificate of deposit in question upon her death. Appellant submits that this is so especially in light of the fact that the decedent believed that appellee had misappropriated $5,000 and, at least partially as a result of that belief, had executed a new will on February 7, 1996 (nearly one year prior to her death), which omitted appellee as a beneficiary.

Appellee testified that the decedent had instructed and authorized her to make the transactions in question on January 3, 1997, and once they were completed, she notified the decedent, who continued to express her approval. Appellee further presented documentary evidence concerning all transactions made by her pursuant to the power of attorney granted by the decedent, and there was no suggestion within those documents that appellee had misappropriated $5,000 as alleged. Appellee testified that she reviewed all the monetary transactions that she made with the decedent as each transaction occurred and she was unaware

that she had been omitted as a beneficiary in any new will executed by the decedent.

No testimony was offered by any other person at trial who had direct knowledge concerning the transactions in question. However, there was testimony by Connie Carlisle, the assistant director of nursing at Hutton Nursing Center, where the decedent resided for a time. Following hospitalization for a broken arm, the decedent returned to Hutton Nursing Center on December 26, 1996, and remained there until her death.

Carlisle testified that on January 3, 1997 (the date of the transactions in question), the decedent's medication was increased. The nurse's notes in the records from Hutton Nursing Center reveal that on January 3, 1997, the decedent was moaning in her sleep, called out for her "mama" at times, was very pale, and was in pain. The nurse's notes further confirm that an increased dosage of medication was provided to the decedent. The nurse's notes also disclose that the decedent was experiencing increased pain on January 1, 1997, and January 2, 1997, and that the decedent requested medication to combat the pain.

*In re Estate of Case* (Apr. 3, 1998), Montgomery App. No. 16747, unreported, 1998 WL 151141, offers this court guidance in the case at bar, and we find it to be persuasive. The court in *Case* declined to grant the attorney in fact under a power of attorney executed by the decedent a survivorship interest in certain monies. The attorney in fact in *Case* relied upon *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, as does appellee in the case *sub judice*, for support in contending that she was entitled to funds contained within joint and survivorship accounts. In *Wright*, the Ohio Supreme Court held, at paragraphs one and two of its syllabus:

"1. The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime.

"2. The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death."

The court in *Case* stated that to the extent that no evidence was presented to indicate that the attorney in fact exerted undue influence on the decedent in opening the accounts in question *or that the decedent lacked the capacity to*

*understand and agree to the survivorship terms,* the presumption set forth in *Wright* applied and the decedent's creation of joint and survivorship accounts must be treated as conclusive evidence of his intention to transfer the balances remaining in the accounts to the attorney in fact at his death. However, the court went on to provide that where "funds were transferred into the accounts under a power of attorney, * * * the *Wright* presumption applies only to those funds that [the decedent] knew to be in the survivorship accounts." The court concluded that the *Wright* presumption did not apply to funds that the attorney in fact, who was also the beneficiary of the survivorship accounts, transferred into the survivorship accounts, unless "the propriety of such transfers can withstand exacting scrutiny."

■ Based upon a thorough review of the record and transcript on appeal, it cannot be said that the transactions in question in this case can withstand exacting scrutiny. Given that there is no signature card or bank document available for examination, we have no evidence, other than appellee's self-serving testimony, of the decedent's intent. Furthermore, as there was testimony and documentary evidence offered to establish a lack of capacity on the decedent's part surrounding the time during which the transactions in question were completed, this court is convinced that the decedent lacked the capacity to understand and agree to any survivorship terms contained within the certificate of deposit at issue. It is not plausible that the decedent knew the certificate of deposit was held in joint and survivorship form or that she was able to understand the nature of a joint and survivorship account as established by appellee, and, therefore, the *Wright* presumption does not apply to the funds used to create the certificate of deposit at issue. *Case, supra.* Appellee occupied a position as attorney in fact for the decedent that afforded her a particular opportunity to take advantage of the situation at hand since she stood on both sides of the transaction.

Accordingly, we find that the trial court erred to the prejudice of appellant in ruling that appellee, operating under a power of attorney from the decedent, properly established a joint and survivorship account in her name and the name of the decedent and was thereby entitled to the proceeds from the account upon the decedent's death.

Appellant's third assignment of error has merit.

Appellant's fourth assignment or error alleges:

"The trial court erred to the prejudice of the plaintiff-appellant by ruling that *Wright v. Bloom,* 69 Ohio St.3d 596, 635 N.E.2d 31 applies even though it was stipulated that Citizens Banking Company does not have any signature card or any written agreement with the parties for the certificate of deposit in question."

Appellant maintains that in the absence of a signature card or other evidence of a contract with regard to the certificate of deposit at issue, the trial court erred in applying *Wright.*

Based upon the reasoning presented in the foregoing assignment of error, we find that the trial court improperly applied the dictates of *Wright.*

Appellant's fourth assignment of error has merit.

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

VUKOVICH and WAITE, JJ., concur.