OPINION
Appellant, Linda J. Karlen, appeals the judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Julie L. and Roger Carfangia.[1] We note that appellees have failed to file an appellate brief with this court in this matter.
On September 27, 1997, appellant filed a pro se complaint in the Franklin County Court of Common Pleas alleging that appellees, her sister and brother-in-law, improperly disposed of her personal property and assets. As a direct result of appellees' alleged conduct, appellant asserted that she suffered severe emotional distress and psychological trauma.[2]
While this matter was pending in Franklin County, appellees filed a motion for enlargement of time within which to file an answer, along with a motion for change of venue. The Franklin County Court of Common Pleas granted appellees' motion for enlargement of time until January 5, 1998. In addition, the court determined that venue was improper in Franklin County and, as a result, transferred the case to Trumbull County.
After the case was transferred, appellant filed a "praecipe for discovery" requesting financial records and cancelled checks concerning her business, bills of sale for certain items, and a list of all property belonging to her but in the possession of appellees. No response was filed by appellees, and the trial court never expressly ruled on appellant's discovery motion.
On June 4, 1998, appellant filed a "praecipe for default judgment" against appellees for failure to file a timely answer to the complaint. Days later, on June 11, 1998, counsel for appellees filed a notice of appearance with the trial court.[3] Subsequently, at a November 19, 1998 pretrial hearing, appellees orally moved the court for permission to file their answer instanter. The trial court granted appellees' oral motion and also granted appellees leave to file a motion for summary judgment by January 19, 1999.[4]
In the answer, which was filed on November 19, 1998, appellee Julie Carfangia admitted that she had been given power of attorney by appellant, and that she had expended all of the funds mentioned in the complaint for payment of appellant's debts. Further, appellees collectively maintained that they had provided appellant with a list of the personal property in their possession, and they had, at all times, acted in a responsible manner and in the best interest of appellant when handling her property.
While this case was pending in the trial court, appellant filed a notice of appeal with this court wherein she challenged the trial court's decision to grant appellees leave to file an answer instanter and a motion for summary judgment, and the court's refusal to rule on her motion for discovery and default judgment. In the memorandum opinion of this court, the appeal was dismissed for lack of a final appealable order. Karlen v. Carfangia (Feb. 5, 1999), Trumbull App. No. 98-T-0206, unreported.
Back at the trial court level, appellees filed a motion for summary judgment asserting that the present lawsuit was a mirror image of a complaint filed in Trumbull County in 1995. This complaint allegedly involved the same parties and the same allegations, but was later voluntarily dismissed by appellant.[5] In addition, appellees maintained that appellant's action for severe emotional distress and misappropriation of personal property were barred by the applicable statute of limitations.[6]
Appellant filed a response to the motion for summary judgment arguing that her action was timely filed under R.C. 2305.07 as it involved an oral contract established in January 1990. Additionally, appellant attached an affidavit claiming that she did not become "certain" of appellees wrongful conduct until February 1995.
Upon consideration, the trial court granted appellees' motion for summary judgment. It is from this judgment appellant appeals, asserting five assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of the Plaintiff-Appellant in granting the Defendant-Appellees' [sic] oral motion for leave to file answer instanter on November 19, 1998.
 "[2.] The trial court erred to the prejudice of the Plaintiff-Appellant by refusing to rule upon/grant her praecipes for discovery and default judgment.
 "[3.] The trial court erred to the prejudice of the Plaintiff-Appellant in granting the Defendant-Appellees' [sic] oral request for leave to file for summary judgment on November 19, 1998.
 "[4.] The trial court erred to the prejudice of the Plaintiff-Appellant by not performing the duties of his office impartially and diligently.
 "[5.] The trial court erred to the prejudice of the plaintiff-appellant by granting the Defendant-Appellees' [sic] motion for summary judgment."
 In the first assignment of error, appellant argues that the trial court improperly granted appellees' oral motion for leave to file an answer instanter on November 19, 1998, because no legitimate grounds, such as excusable neglect, existed for granting this request. According to appellant, an oral motion to file an answer instanter nearly ten months after the enlargement of time expired in January 1998 can hardly be deemed excusable neglect.
In general, Civ.R. 6 permits a defendant to file an answer late. Specifically, Civ.R. 6(B)(2) provides that "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." (Emphasis added.)
A determination under Civ.R. 6(B) rests within sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Evans v. Chapman (1986), 28 Ohio St.3d 132, 135. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
A review of the record shows that appellees' oral motion for leave to file an answer instanter was made at a November 19, 1998 pretrial hearing, well after the January 5, 1998 deadline set by the Franklin County Court of Common Pleas. However, for reasons which are not reflected in the record before this court, the trial court granted appellees' oral motion.
Appellate review of this matter is hampered because appellant did not provide a transcript of the pretrial hearing wherein appellees' orally moved the court for leave to file an answer instanter. Pursuant to App.R. 9(B) and (C), appellant has failed to provide this court with either a transcript of proceedings or a statement of the evidence. Absent a transcript or statement of the evidence, "it will be presumed that the omitted evidence supports the findings or conclusion" of the trial court. In re Adoption of Foster (1985), 22 Ohio App.3d 129, 131.
Because no record sufficient under App.R. 9 was provided to us, we cannot determine whether appellees presented adequate reasons to the trial court for their failure to file a timely answer; thus, this court must presume regularity in the trial court proceedings and affirm the judgment. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 200. For these reasons, appellant's first assignment of error is not well-taken.
Under the second assignment of error, appellant posits that the trial court erred when it refused to rule upon or grant her motions for discovery and default judgment.
At the outset, we note that "[g]enerally, when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion." Dozer v. Dozer (1993), 88 Ohio App.3d 296, 303. See, also, Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166; Kane v. Ford Motor Co. (1984), 17 Ohio App.3d 111;Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347; Biddle v.Warren Gen. Hosp. (Mar. 27, 1998), Trumbull App. No. 96-T-5582, unreported, at 13, 1998 WL 156997. Thus, we assume, for purposes of appeal, that appellant's motion for default judgment and discovery were denied by the court below.
Having said that, we will address the denial of appellant's motion for default judgment first. Essentially, appellant contends that she was entitled to default judgment once appellees failed to proffer an answer.
As previously discussed in the first assignment of error, we presumed that the trial court properly granted appellees' oral motion for leave to file an answer instanter. Therefore, appellees' answer was properly filed with the trial court, and they are deemed to have defended the action against them. As such, appellees' answer rendered appellant's prior motion for default judgment moot. See, e.g., Turner v. Alexander
(1995), 107 Ohio App.3d 853, 859 (holding that when a defendant obtains leave to file an answer pursuant to Civ.R. 6(B)(2), it renders a motion for default judgment moot;) Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, unreported, at 4, 1999 WL 1262052; Hayward v. Columbus
(Oct. 27, 1998), Franklin App. No. 98AP-194, unreported, at 1-4, 1998 WL 767361 (holding that the trial court's grant of leave to defendant to file an answer instanter after plaintiff filed a motion for default judgment rendered the motion for default judgment moot); Owens v. E.Cleveland Mun. Court (May 3, 1990), Cuyahoga App. No. 58466, unreported, at 1, 1990 WL 56552.
Next, in this same argument, we consider the denial of appellant's discovery motion. It is well-established that the trial court has broad discretion in determining whether to grant or deny motions for discovery. As such, the trial court's determination will not be disturbed on appeal absent an abuse of discretion. Mauzy v. KellyServices, Inc. (1996), 75 Ohio St.3d 578, 592; State ex rel. Daggett v.Gessaman (1973), 34 Ohio St.2d 55, 57. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
The following documents were requested by appellant in her discovery motion: original canceled checks and bank statements concerning her business; original withdrawal summary from her pension fund; original bills of sale of certain property; itemized lists of all property belonging to appellant that was still in the possession of appellees; itemized lists of all deposits and withdrawals from her bank account.
Upon consideration, we determine that appellant has failed to set forth in her appellate brief a separate argument explaining how her discovery request was relevant. Therefore, pursuant to App.R. 12(A)(2), we can decline to address appellant's argument.[7] See, e.g., Reliance Elec.Co. v. KJ Elec. (Dec. 3, 1998), Cuyahoga App. No. 72424, unreported, at 2-3, 1998 WL 842062; Harris v. Browning-Ferris Indus. of Ohio, Inc. (Mar. 16, 1989), Cuyahoga App. No. 55051, unreported, 1989 WL 24911 (declining to address an appellate argument concerning discovery when appellant failed to specify how she was prejudiced by the denial of discovery).
While appellant's discovery request may be relevant in other respects, it is irrelevant to the statute of limitations issue addressed in her affidavit. There, appellant claimed that "[she] became certain that [appellees] had committed the acts * * * on or about February of 1995." In order for appellant to make that assertion, we can only conclude that she was already in possession of all the evidence needed to support that claim. Hence, by not arguing the specific prejudice suffered, she failed to demonstrate that she needed more discovery as to the statute of limitations issue.
In summation, because the record before this court fails to show that the trial court abused its discretion in denying appellant's motions for discovery and default judgment, appellant's second assignment of error has no merit.
Turning to the third assignment of error, appellant contends that the leave to file a motion for summary judgment was unwarranted when she was entitled to default judgment. In light of our holding in the second assignment of error that appellant was not entitled to default judgment, appellant's third assignment of error is moot.
Under the fourth assignment of error, appellant maintains that the trial judge failed to perform his duties impartially and diligently when the court refused to rule on her motions for discovery and default judgment.
As articulated earlier in this opinion, the trial court's refusal to rule on appellant's motion for discovery and default judgment simply resulted in the presumption that the court denied appellant's motions. Consequently, the fourth assignment of error is not well-taken.
In the fifth and final assignment of error, appellant maintains that the trial court improperly granted appellees' motion for summary judgment as appellant's action was filed within the appropriate statute of limitations.
Before addressing the merits of appellant's final assignment of error, we will lay out the appropriate standard of review. In reviewing a trial court's entry of summary judgment, an appellate court employs the same Civ.R. 56(C) standard as the trial court. Drawl v. Cornicelli (1997),124 Ohio App.3d 562, 566. Thus, an appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
Under Ohio law, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385; Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268; Bostic v. Connor (1988), 37 Ohio St.3d 144,146.
A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293. If the moving party fails to satisfy this initial burden, the motion for summary judgment must be denied. Id. When the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
Now we consider appellant's fifth assignment of error. In general, appellant contends that the trial court improperly granted appellees' motion for summary judgment because her action arose out of an oral agreement and was filed in a timely manner under R.C. 2305.07.
We agree with appellant that under R.C. 2305.07, an action for breach of oral contract must be brought within six years after the action accrues. However, the claim of an oral contract was not specifically raised in appellant's complaint. Further, no amended complaint was ever filed pursuant to Civ.R. 15. Instead, the oral contract claim was raised through appellant's response to appellees' motion for summary judgment. "Because this [oral] contract claim was not properly raised in the court below, it cannot be raised in the present appeal." See Karlen v.Steele (Sept. 15, 2000), Trumbull App. No. 99-T-0076, unreported, at 5, 2000 WL 1335785 (holding that because plaintiff's contract claim was raised through her response to defendants' motion to dismiss, it was not properly raised in the court below and could not be addressed on appeal).
Next, we must decide which statute of limitations applied to appellant's remaining claims. In making this determination, we must consider the true nature or subject matter of the acts giving rise to the complaint, rather than the form in which the action is pled. Doe v.First United Methodist Church (1994), 68 Ohio St.3d 531, 536. "The grounds for bringing the action are the determinative factors, the form is immaterial." Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179,183.
In construing the complaint, we conclude that the facts sets forth give rise to three possible causes of action: (1) misappropriation of personal property/conversion; (2) intentional infliction of severe emotional distress; and (3) breach of fiduciary duty by Julie Carfangia, who was granted power of attorney by appellant. The tort of conversion is governed by R.C. 2305.09(B), which provides a four year statute of limitations. Likewise, a claim for intentional infliction of severe emotional distress and breach of fiduciary duty are subject to a four year statute of limitations as enumerated in R.C. 2305.09(D).[8]
First, we consider the claim of conversion in this fifth assignment of error. The discovery rule set forth in R.C. 2305.09(D) is applicable to conversion and provides: "If the action is for * * * the wrongful taking of personal property, the causes thereof shall not accrue until thewrongdoer is discovered * * *." (Emphasis added.) Thus, a cause of action for conversion accrues either when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the conversion. Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, paragraph 2b of the syllabus; Stokes v. Berick (Dec. 23, 1999), Lake App. No. 98-L-094, unreported, at 5, 1999 WL 1313668.
In their motion for summary judgment, appellees maintained that appellant's action for misappropriation of personal property was barred pursuant to the statute of limitations set forth in R.C. 2305.09(B). They supported this argument by pointing to the complaint, which they believed stated that appellant became aware of the misappropriation of her property as early as June 1990.[9]
Appellees' bore the initial burden of demonstrating that appellant's claim was barred by the statute of limitations. Rainey v. Shaffer
(1983), 8 Ohio App.3d 262, 263. Once that burden was met, appellant then had the burden of proof to demonstrate that the statute of limitations defense was invalid. Bell v. Mittleman (Nov. 12, 1998), Cuyahoga App. No. 73350, unreported, at 3, 1998 WL 787391.
Upon consideration, we determine that appellees failed to sustain their initial burden of providing evidence that the statute of limitations barred appellant's claim for conversion. The gist of the conversion claim asserted is that initially, the disputed property of appellant was properly within the possession of the converters, appellees, who at some later time exerted control or interference over this property beyond the scope of the owner's consent. It is clear that in January 1990, Julie Carfangia was able to legally possess and control appellant's property through her power of attorney from appellant. However, it is not clear when Julie Carfangia first wrongfully withheld or disposed of the property or failed to make an accounting thereof. Stated another way, the record fails to reflect any evidence demonstrating when appellant discovered or should have discovered the actual conversion of her personal property.
Although appellees interpreted appellant's complaint as stating that appellant became aware of the misappropriation of her personal property in June 1990, the complaint does not make such a statement. Rather the complaint provides: "In approximately June of 1990 * * * Julie Carfangia received the proceeds of [appellant's] 401K pension fund from [appellant's] employer, * * * a sum of approximately fifty thousand dollars ($50,000)." This statement merely indicates when the property came into the possession of Julie Carfangia. It does not indicate when the possession became conversion; hence, it does not indicate when appellant discovered or should have discovered the subsequent conversion.Investors REIT at paragraph 2b of the syllabus; Stokes at 5. Accordingly, appellees mistakenly relied on this part of appellant's statement in an attempt to satisfy their own burden of proof. As a result, this portion of the fifth assignment of error has merit.
We note that appellant is fortunate she did not have the burden of proof shifted back to her as her affidavit would have fallen short. Following the above analysis, appellant's statement is insufficient as a matter of law: "I became certain that [appellees] had committed the acts set forth [in the complaint] on or about February of 1995." (Emphasis added.) The standard, as previously discussed, is not certainty. Rather, it is when appellant discovered or, with reasonable diligence,should have discovered the conversion. The latter portion indicates that an earlier date, instead of the date of her actual discovery of the conversion, could also trigger the statute of limitations.[10] Thus, as a point of interest only, appellant's affidavit failed to address the issue of when she should have known of the conversion.
While it would seem that this matter could be resolved in a subsequent motion for summary judgment by appellees, such a motion will require a great deal more evidential material than what was submitted to the trial court.[11] Factual claims and allegations made in the motion itself count for naught.
Next, in the fifth assignment of error, we turn to appellant's claim for intentional infliction of emotional distress. While appellees contended in their motion for summary judgment that appellant's claim was governed by the two year statute of limitations set forth in R.C. 2305.10, we disagree. Rather, we believe that the four year limit provided by R.C. 2305.09(B) is applicable.
As previously stated, appellant's conversion claim constituted an intentional tort. Furthermore, in her complaint, appellant alleged to have "undergone considerable psychological trauma as a direct result of [appellees'] actions" and "suffered * * * severe emotional distress." Thus, it was an intentional act on which appellant based her claim of severe emotional distress.
A claim for intentional infliction of emotional distress is governed by R.C. 2305.09(D), which provides a four year statute of limitations.Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 375. "[A] cause of action for intentional infliction of emotional distress does not accrue until the tort is complete, that is, at the time the injury is incurred and the emotional impact is felt." Biro v. Hartman Funeral Home (1995),107 Ohio App.3d 508, 514. Stated differently, no injury is incurred until the plaintiff learns of defendant's alleged tortious conduct; it is then that the plaintiff suffers severe emotional distress.
Again, through their motion for summary judgment, appellees' contended that appellant stated in her complaint that she became aware of the misappropriation of her personal property in June 1990. As explained earlier, appellees' assertion is incorrect. To the contrary, appellant's complaint does not state when she learned or should have learned of appellees' alleged wrongful conduct. Consequently, appellees could not rely on appellant's statement to provide evidence that her claim for intentional infliction of emotional distress was barred by the statute of limitations.
Appellant's final claim is for breach of fiduciary duty against her sister who had power of attorney. Such a claim is governed by R.C.2905.09(D). Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 120; Crosbyv. Beam (1992), 83 Ohio App.3d 501 .[12] A cause of action for breach of fiduciary duty arises when the act or commission constituting the breach of fiduciary duty occurred. Hence, the discovery rule does not
toll the statute of limitations for a breach of fiduciary duty claim.Investors REIT at 182.
Appellant stated in her complaint that she rescinded Julie Carfangia's power of attorney in 1995 on the belief that she had abused her authority. Appellant, however, does not state when this alleged abuse of fiduciary authority first occurred. Moreover, appellees' never addressed this claim in their motion for summary judgment.
To summarize, appellees failed, in the fifth assignment, to satisfy their initial burden of demonstrating that appellant's claims were barred by the applicable statute of limitations. Thus, the trial court erred in granting summary judgment in their favor. Appellant's fifth assignment of error is meritorious.
Based on the foregoing analysis, appellant's fifth assignment of error has merit while the first, second, third, and fourth assignments of error are not well-taken.
Therefore, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.[13]
 __________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., GRENDELL, J., concur.
[1] Appellant has been incarcerated since January 1990.
[2] The relief sought by appellant included an audit, the return of the property and money, and punitive damages in excess of $25,000 for the deprivation and severe emotional distress she suffered.
[3] On August 20, 1998, the trial court granted appellees leave to move or plead by September 18, 1998.
[4] In addition, the trial court granted leave to appellant to file a response to the motion for summary judgment by February 19, 1999.
[5] This 1995 complaint filed in Trumbull County is not a part of the record on appeal as it was not attached to appellees' motion for summary judgment. As a result, neither res judicata nor collateral estoppel could have been considered as viable defenses in this summary judgment exercise.
[6] Attached to their motion for summary judgment was an executed copy of a power of attorney, dated January 23, 1990. This document confirmed that appellant gave Julie Carfangia power of attorney.
[7] App.R. 12(A)(2) reads as follows:
 "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
[8] R.C. 2305.09 reads in pertinent part:
 "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
"(A) For trespassing upon real property;
 "(B) For the recovery of personal property, or for taking or detaining it;
"(C) For relief on the ground of fraud;
 "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10
to 2305.12 * * * 2305.14 and 1304.35 of the Revised Code.
"* * *." (Footnote omitted and emphasis added.)
[9] With respect to this contention, appellees seem to be referring to the following statement contained in appellant's complaint:
 "In approximately June of 1990 * * * Julie Carfangia received the proceeds of [appellant's] 401K pension fund from [appellant's] employer, * * * a sum of approximately fifty thousand dollars ($50,000)."
[10] The actual affidavit of appellant was only several sentences long. It was accompanied by a much longer fact filled memorandum. However, that memorandum was not incorporated into the affidavit; hence, it had no value.
[11] For example, appellees did not challenge the basis for the inclusion of appellee Roger Carfangia as a defendant.
[12] Appellant's claim for breach of fiduciary duty is based on the following statement made in her complaint: "Because [appellant] believed that * * * Julie Carfargia had abused her power of attorney, it was rescinded in 1995." Further, by having a power of attorney over another, a fiduciary relationship is established. Gotthardt v. Candle
(1999), 131 Ohio App.3d 831, 835; In the Matter of Estate of Mileski
(Mar. 30, 1990), Trumbull App. No. 89-T-4188, unreported, at 3, 1990 WL 36382.
[13] In her appellate brief, appellant requested as relief that this court "change venue back to Franklin County[.]" However, appellant does not specifically assign this issue as error and does not set forth law or analysis on this issue. App.R. 12(A)(2) permits this court to disregard issues not argued in the brief. As such, the issue of venue shall not be addressed by this court.