OPINION
{¶ 1} Plaintiff-appellant Matt Jaric (Matt) appeals the decision of the Mahoning County Common Pleas Court, Probate Division, that dismissed his complaint for concealment of assets against defendant-appellee Robert Jaric (Robert). Matt is the husband of Anna Jaric, deceased. Matt and Anna had two joint and survivorship accounts. Robert is the son of Anna and Matt. Anna executed a document naming Robert as her power of attorney over the two joint and survivorship accounts in her name and Matt's name. The issue in this appeal is whether the probate court has subject matter jurisdiction over the joint and survivorship accounts. We answer this question in the negative since the joint and survivorship accounts in this case are non-probate assets. The trial court's decision is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} When Anna died, Matt and Robert were named co-executors of her estate. Prior to Anna's death, she was in a hospital and a rest home. Due to her illness, Matt had to take over the financial arrangements in their lives. It appears that Matt was unable to pay the bills. Both Matt and Robert determined that Robert should be added to Anna's and Matt's checking account. Therefore, Robert would be able to pay the bills and balance the checking account.
 {¶ 3} As Anna's illness escalated, the bills became more substantial. Anna executed a document naming Robert as her power of attorney over the joint and survivorship savings account that was in her and Matt's names. The power attorney document was also effective as to Anna's and Matt's C.D. account that had a right of survivorship.
 {¶ 4} During the lifetime of Anna, Robert closed the C.D. account and withdrew a substantial amount of money from the savings account. (Tr. 15, 17, 29). Matt claims he was unaware of these actions. (Tr. 15). The savings account, prior to withdrawals had a balance of roughly $30,000. Robert withdrew roughly $23,500 from the savings account. When Robert closed the C.D. out, Citizens Banking Co. issued a check to Nations Bank FBO Anna Jaric in the amount of $34,894.74. The amount of money taken out of both of these accounts has not been accounted for nor has any of it been returned to the estate.
 {¶ 5} Due to the unaccounted money from the savings account and CD, Matt filed a complaint for concealment of assets pursuant to R.C.2109.50, et seq. in the probate court. Robert responded to the complaint with a motion to dismiss. A hearing was set for September 9, 1999. This motion was never ruled on due to the fact that at the hearing Matt and Robert informed the court that there was a negotiated settlement on all issues. Apparently no settlement was finalized.
 {¶ 6} During probate proceedings, Matt and Robert's attorney tried to get an accounting from Robert for the money withdrawn from the savings account and the money from the CD. However, Robert has been uncooperative and the accounting has not occurred.
 {¶ 7} The concealment hearing was set for January 13, 2000. The magistrate presided over the proceedings and issued his decision. The magistrate stated that the removal of funds from the joint and survivor bank accounts were under a valid power of attorney. It stated that the assets were not concealed from the estate and any cause of action against Robert lies with Matt individually, not as fiduciary of the estate. As such, the magistrate determined that the probate court lacked subject matter jurisdiction to hear the case. The magistrate's decision was journalized on January 13, 2000. However, the clerk did not postmark the service copies until Friday, January 21, 2000, and did not actually place these items in the mail until Monday, January 24, 2000.
 {¶ 8} On February 10, 2000, Matt filed a "Motion for Leave Instanter" and a "Motion for Reconsideration of the Magistrate's Decision and Orders." On February 14, 2000, Matt filed a notice of appeal from the magistrate's decision to this court. On March 13, 2000, we dismissed the appeal sua sponte for lack of a final appealable order. In Re: Estateof Anna Jaric v. Jaric (Mar. 13, 2000), 7th Dist. No. 00CA38.
 {¶ 9} On April 27, 2000, Matt filed a "Motion for Leave to File A Supplemental Request for Findings and Objection to Magistrate's Findings," a "Supplemental Request for Findings and Objections to Magistrate's Findings," a "Motion for Leave [Instanter] to File an Amended Complaint," and a "Motion to Amend Complaint Pursuant to Civ.R. 15(A), (B)." The magistrate granted both motions requesting leave. On August 4, 2000, appellant filed an amended complaint.
 {¶ 10} On October 13, 2000, the probate court issued its opinion. The court held that the motion for reconsideration, if it is construed as objections, was untimely filed and ordered it stricken. The court further held the supplemental request for findings was overruled because a party cannot supplement what it did not file. It also stated the motion to amend the complaint was overruled. The court reasoned that amending the complaint to include a statutory section would not save the complaint and, therefore, no need existed to amend the complaint. Lastly, the court adopted the magistrate's decision concerning the lack of subject matter jurisdiction over the bank accounts. Matt timely appeals from the probate court's October 13, 2000 decision.
 ASSIGNMENTS OF ERROR NOS. ONE AND THREE {¶ 11} Matt raises five assignments of error. Assignments of error numbers one and three will be addressed together. These assignments of error address whether the probate court lacked subject matter jurisdiction over the cause of action raised in the complaint. Said assignments of error contend:
 {¶ 12} "THE COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING THAT THERE WAS A LACK OF EVIDENCE OR PLEADINGS REQUIRING THE COURT TO FIND THAT THERE WAS NO SUBJECT MATTER JURISDICTION AS TO THE JOINT AND SURVIVORSHIP ACCOUNTS THAT EXISTED BETWEEN THE DECEDANT [SIC], ANN [SIC] JARIC, AND HER HUSBAND, MATT JARIC, AND WHICH ACCOUNTS WERE WITHDRAWN BY THE DEFENDANT-APPELLEE, DURING THE LIFETIME OF THE DECEDANT [SIC]."
 {¶ 13} "THE LOWER COURT FAILED TO RECOGNIZE THAT THE ORIGINAL COMPLAINT ALLEGED A CAUSE OF ACTION, RELATIVE TO THE ASSETS OF THE DECEDENT, AND THEIR WRONGFUL RETENTION, AND WHERE THE UNCONTRADICTED EVIDENCE PRESENTED THEREON SUBSTANTIATED THE SAME, AND IT WAS THEREFORE PREJUDICIAL ERROR THAT REQUIRES A REVERSAL OF THE FINAL ORDER."
 {¶ 14} Matt argues that the probate court had subject matter jurisdiction over the joint and survivorship accounts. Matt contends that the creation of a joint and survivorship account shows that it was the intention of Anna to transfer the remaining funds to her surviving partner, Matt, on her death. Matt argues that if Robert, attorney-in-fact, removed the money and retained this money, the money is a probate asset.
 {¶ 15} Robert contends that removal of the funds from the joint and survivorship accounts during the life of Anna removes this cause of action from the jurisdiction of the probate court. Robert claims that the money left in these accounts upon the death of one of the joint owners automatically passes to the other joint owner; it does not pass through probate. Therefore, according to Robert, the money taken from these accounts are non-probate assets.
 {¶ 16} A probate court is a court of limited jurisdiction and therefore is restricted to actions permitted by statute and the Ohio Constitution. Corron v. Corron (1988), 40 Ohio St.3d 75. A proceeding for the discovery of concealed or embezzled assets of an estate, brought under R.C. 2109.50, is a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there. In re Estate ofFife (1956), 164 Ohio St. 449. A plaintiff has an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 407 (emphasis added). R.C. 2109.50 limits concealment proceedings to cases in which a person is suspected of concealing, embezzling, conveying away, or being or having been in possession of any money, chattel, or chose in action "of such estate." State ex rel. Goldberg v. Mahoning Cty. Probate Court
(2001), 93 Ohio St.3d 160, 163, 2001-Ohio-1297. Under the language of R.C. 2109.50, the probate court lacks jurisdiction to determine interest in assets which are non-probate assets. Id. Therefore, the determination of whether the probate court has jurisdiction in this case, is dependent upon whether the joint and survivorship accounts are probate or non-probate assets.
 {¶ 17} Joint and survivorship accounts are typically non-probate assets and therefore, outside the jurisdictional limits of the probate court. "The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death." Wright v. Bloom (1994),69 Ohio St.3d 596, paragraph two of the syllabus, 1994-Ohio-153. Therefore, a joint and survivorship account is a viable non-probate mechanism by which a person may transfer property at death. Id., at 600 (emphasis added).
 {¶ 18} Anna and Matt had joint and survivorship accounts. Upon either one's death the remaining balance of those accounts would automatically pass to the survivor. The remaining amounts in these accounts would not pass through probate and, as such, would be non-probate assets. Therefore, the probate court lacks jurisdiction over the joint and survivorship accounts.
 {¶ 19} However, in some limited situations a joint and survivorship account may be a probate asset and within the probate court's jurisdiction. See Gotthardt v. Candle (1999), 131 Ohio App.3d 831;In re Estate of Case (Apr. 3, 1998), 2nd Dist. No. 16747. This limited situation arises when a fiduciary relationship, i.e. power of attorney, exists between a creator of a joint and survivorship account and the surviving beneficiary. Gotthardt, 131 Ohio App.3d at 835. For example inGotthardt, decedent executed a power of attorney to her niece. The attorney-in-fact removed funds from decedent's savings account and created a joint and survivorship account in decedent's and her names. In this situation, there is a suspicion that the joint and survivorship account was created from undue influence. Id. If the joint and survivorship account was created through undue influence, the joint and survivorship account would be void. The funds that were used to create the joint and survivorship account would revert to its original placement. In Gotthardt, the funds were originally in an account held solely in decedent's name. The decedent's savings account, upon death, would pass through probate to decedent's estate. As such, that money would be a probate asset and within the jurisdiction of the probate court.
 {¶ 20} Matt contends that the facts in this case are analogous to the limited situation where joint and survivorship accounts are considered probate assets. Matt's contention is incorrect. Factually, this case is not similar to Gotthardt. No evidence was presented that Robert, attorney-in-fact, and Anna, decedent, had a joint and survivorship account in their names. The joint and survivorship accounts were held in Anna's and Matt's names. Furthermore, even assuming that a joint and survivorship account was created in Anna's and Robert's names, the funds used to create that account were non-probate assets from Anna's and Matt's joint and survivorship accounts. If Robert's action of removing money from Anna's and Matt's joint and survivorship account was invalid under the power of attorney, the money removed would revert to its original placement, Anna's and Matt's joint and survivorship account. See Gotthardt, 131 Ohio App.3d at 835. As stated above, Anna's and Matt's joint and survivorship accounts are non-probate assets. Therefore, the probate court lacks jurisdiction. Any cause of action concerning these joint and survivorship accounts lies individually with Matt against Robert in the Common Pleas Court. These assignments of error are without merit.
 ASSIGNMENT OF ERROR NOS. TWO, FOUR, AND FIVE {¶ 21} "THE FAILURE OF THE LOWER COURT TO FOLLOW THE DICTATES OF CIVIL RULES 12(B)(6) AND 56(C), WHEREIN A MOTION TO DISMISS WAS PROPOUNDED, IN THAT IT WAS SUCH PREJUDICIAL ERROR AND A FAILURE OF DUE PROCESS, TO THE PLAINTIFFS-APPELLANTS AND REQUIRES REVERSAL."
 {¶ 22} "THE LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT OVERRRULED [SIC] AND ORDERED THAT CIV.R. 53(E)(2)(3) REGARDING CERTAIN FILING BECAUSE OF THE PLEADING `JUDGMENT CONCEALMENT OF ASSETS', WHICH REQUIRED A PRIOR APPEAL TO THIS UPPER COURT, IN THAT THE SUBSEQUENT OVERRRULINGS [SIC] OF MOTIONS OF FINDINGS ON QUESTIONS AND LAW, WERE TANAMOUNT [SIC] TO AN ABUSE OF DISCRETION, AND ALL OF WHICH DEPRIVED PLAINTIFFS-APPELLANTS OF DUE PROCESS."
 {¶ 23} "THE COURT ERRED IN REFUSING TO SUSTAIN THE MOTION TO ALLOW AN AMENDMENT OF THE ORIGINAL COMPLAINT OF THE PLAINTIFFS-APPELLANTS WHICH STATED MORE FULLY AN ADDITIONAL CLAIM TO FURTHER CONFORM WITH THE `CONCEALMENT' FINDINGS UNDER EVIDENCE FOUND BY THE MAGISTRATE, ALL OF WHICH WAS AN ABUSE OF DISCRETION."
 {¶ 24} In assignments of error one and three, this court determined that the probate court lacked jurisdiction over the cause of action. That resolution renders the remaining assignments of error moot.
 {¶ 25} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.