## BECK v STIMMEL

Ohio Appeals, 2nd Dist, Franklin Co

Decided August 17, 1931

Stevenson & Stevenson and O. H. Mosier, Columbus, for Beck et.

W. W. Benoy, Columbus, for Stimmel.

LEVINE, PJ, (8th Dist) sitting for KUNKLE, J.

**LEVINE, PJ.**

From the arguments of counsel and the briefs submitted, there seems to be no issue raised as to the negligence of whoever was responsible for the maintaining of a shaft, and the sole question dealt with was the individual liability of the plaintiffs in error.

Plaintiffs in error claimed that the business was conducted by a corporation and not by individuals. Defendant in error claims that because of the failure of the defendants who were the incorporators to proceed with the organization of the corporation and their proceeding jointly to operate the business, individual liability attaches to them for any violation of law or wrongdoing or negligence in carrying on said business.

Plaintiffs in error submitted interrogatories which the jury was required to answer, all of them dealing with the question of whether the corporation was actually organized. They are as follows:

"Interrogatory No. 2. Do you find from the evidence that 14 shares of the capital stock of the Columbus Warehouses, Inc., were subscribed for prior to February 1, 1929?

"No.

"Interrogatory No. 3. Do you find from the evidence that the shareholders of the Columbus Warehouses, Inc., held their first meeting, of shareholders prior to February 1, 1929, and elected a Board of Directors?

"No.

"Interrogatory No. 4. Do you find from the evidence that the shareholders of the Columbus Warehouses, Inc., adopted a Code of Regulations prior to February 1, 1929?

"No.

"Interrogatory No. 5. Do you find from the evidence that the Directors of the Columbus Warehouses, Inc., elected officers prior to February 1, 1929?

"No.

"Interrogatory No. 6. Do you find from the evidence that $1400 of the capital stock of the Columbus Warehouses, Inc., was paid in on or before February 1st, 1929?

"No.

"Interrogatory No. 7. Do you find from the evidence that the Columbus Warehouses, Inc., did business prior to February 1st, 1929, as a corporation?

"No." (Record pp. 190, 1, 2).

It seems to us that the claim of plaintiffs in error that the corporation was a de facto corporation, and that it would be deemed a corporation for all purposes so as to subject it to a liability for wrongdoing or misconduct in its business is untenable, in view of the answers of the jury to the interrogatories submitted to it by plaintiffs in error.

In our opinion the mere existence of a legal entity or the mere fact of corporate existence upon the filing of articles of incorporation does not absolve from liability those who transact business for an incompleted corporation.

Under §8623-7 GC the incorporators are authorized to act in the corporate name in doing all acts which are necessary to obtain subscriptions for shares and effect the company's organization. The incorporators have no authority to carry on business in the corporate name until the corporation is legally completed. The incorporators have no interest in the corporate estate nor have they any rights in it. Their sole function is to bring into existence the corporation which in fact consists of the body of shareholders. When the incorporators proceed beyond the function contemplated by law, namely, to bring the corporation into real existence, they are exceeding their authority. If the incorporators before the corporation has been legally completed proceed to manage a business in the name of the corporation, they are deemed to be doing it as individuals engaged in a joint enterprise or partnership.

The necessary legal steps to complete the corporation were not taken as appears from the answers of the jury to the interrogatories submitted by counsel for plaintiffs in error. Plaintiffs in error proceeded nevertheless to manage the business in the name of the corporation and they are deemed to have engaged in it as individuals bound together in a joint enterprise or partnership.

We find no error in the judgment and it will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.