KAUFMAN, Appellant,

v.

LIMOBUSTERS, INC., Appellee.

[Cite as *Kaufman v. Limobusters, Inc.* (1992), 76 Ohio App.3d 87.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63041.

Decided July 2, 1992.

*Michael J. Downing,* for appellant.

*Fay, Sharpe, Beall, Fagan, Minnich & McKee* and *Christopher B. Fagan,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, Stu Kaufman, appeals from the judgment of the Cuyahoga County Court of Common Pleas granting defendant-appellee Limobusters,

Inc.'s motion for summary judgment. For the reasons set forth below, we affirm.

Appellant Stu Kaufman operated a limousine service in the greater Cleveland area. In 1986, appellant Kaufman registered his trade name "Limobusters" with the Secretary of State and continued operating his limousine service under that trade name, which consisted primarily of renting out a chauffeured motor home.

In 1987, appellant Kaufman became aware of "Limobusters, Inc.," a limousine service operating primarily on the west side of Cleveland. Prior to filing suit, appellant Kaufman, through counsel, sent a series of letters to appellee Limobusters, Inc., charging appellee with trade name and trademark infringement with respect to the mark and name "Limobusters."

In a response letter dated December 30, 1987, appellee "Limobusters" denied the allegations of trade name infringement. Hearing nothing more from appellant Kaufman, "Limobusters, Inc." continued operating its limousine service under that name. Nothing more was exchanged between the parties until appellant Kaufman, four years later in June 1991, filed a complaint in common pleas court against "Limobusters, Inc.," alleging trademark infringement. Plaintiff-appellant sought injunctive relief and damages.

Appellee, Limobusters, Inc., then motioned the court to dismiss the complaint pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief could be granted. On September 1991, the court converted the motion to dismiss into a motion for summary judgment. In December 1991, the trial court granted appellee Limobusters Inc.'s converted motion for summary judgment from which appellant now timely appeals.

■ Appellant Kaufman assigns error to the trial court's granting of summary judgment. At the outset, appellant argues that the trial court improperly converted appellee's motion to dismiss pursuant to Civ.R. 12(B)(6) into a motion for summary judgment. This argument is without merit.

If a court, in ruling on a Civ.R. 12(B)(6) motion, intends to consider matters outside the pleadings, it must first convert the motion to dismiss into a motion for summary judgment, and upon doing so give notice of the conversion to the parties to permit them the opportunity to present evidentiary materials pertinent to the converted motion. *Toledo v. Thomas* (1989), 60 Ohio App.3d 42, 572 N.E.2d 867. Since the record indicates the trial court notified parties of the motion conversion and properly gave the parties additional time to file evidentiary material, we find no error in the trial court's action.

■ To continue our review, summary judgment is as appropriate in a trademark infringement case as in any other case and should be granted or

denied on the same principles. *WSM, Inc. v. Tennessee Sales Co.* (C.A.6, 1983), 709 F.2d 1084, 1086; *SCI Sys., Inc. v. Solidstate Controls, Inc.* (S.D.Ohio 1990), 748 F.Supp. 1257. Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *SCI Sys., Inc., supra,* at 1260.

In the within case, appellee "Limobusters, Inc." motioned the court for summary judgment based on the doctrine of laches and equitable estoppel. Under equitable principles the statute of limitations applicable to analogous actions at law is used to create a "presumption of laches." This principle "presumes" that an action is barred if not brought within the period of the statute of limitations. *SCI Sys., Inc., supra, Tandy Corp. v. Malone & Hyde Inc.* (C.A.6, 1985), 769 F.2d 362. The analogous Ohio law for trademark infringement action is a two-year statute of limitations for injury to persons and personal property as set forth in R.C. 2305.10. *Ameritech, Inc. v. Am. Information Technologies Corp.* (C.A.6, 1987), 811 F.2d 960.

In ruling on the motion for summary judgment, the court had before it uncontroverted evidence that plaintiff-appellant Kaufman did not institute a lawsuit for trademark infringement for a full four years after its last correspondence with appellee "Limobusters." Since an analogous action at law would have a two-year statute of limitations, the trial court properly created a "presumption of laches" and properly found the action barred by the doctrine of laches. Thus, the doctrine of equitable estoppel forecloses appellant Kaufman from obtaining injunctive relief. *Tandy Corp., supra; SCI Sys., Inc., supra,* at 1261.

A finding of laches, alone, however, is not enough to foreclose prospective relief in an infringement action. *Tandy, supra.*

" * * * To defeat a suit for injunctive relief, a defendant must also prove elements of estoppel which requires more than a showing of mere silence on the part of a plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, or conduct amounting to virtual abandonment of the trademark." *SCI Sys., Inc., supra,* at 1262.

A review of the evidence indicates that there was no affirmative acts of misconduct by appellant, *ergo,* there was no evidence that appellant Kaufman intentionally misled appellee Limobusters, Inc. by his four-year silence, or that appellant actually misrepresented or showed otherwise that he had abandoned the trademark during that time. Notwithstanding appellant's lack of affirmative acts of misconduct, however, an injunction may be granted only upon the showing, by clear and convincing evidence, that the movant is entitled to an

injunction. See *S. Ohio Bank v. S. Ohio Savings Assn.* (1976), 51 Ohio App.2d 67, 5 O.O.3d 183, 366 N.E.2d 296. An injunction is warranted only where the act sought to be enjoined would produce great or irreparable injury to the plaintiff. R.C. 2727.02. *Zavakos v. Zavakos Ent., Inc.* (1989), 63 Ohio App.3d 100, 577 N.E.2d 1170.

Plaintiff-appellant Kaufman did not show by clear and convincing evidence that he was entitled to injunctive relief. Appellant gave no sufficient reason for the four-year delay in initiating legal action against "Limobusters, Inc." Neither did appellant Kaufman conclusively demonstrate great or irreparable injury to his limousine service because of the alleged trademark infringement. For instance, appellant Kaufman's Internal Revenue records indicated increased profits for every year of the alleged trademark infringement except for one year, 1990. Further, since appellant's limousine service was not advertised in the telephone directory, we do not see the opportunity for the public to confuse the two limousine services nor how "Limobusters, Inc." unfairly competed with appellant's Limobusters, Inc. The evidence, then, does not demonstrate great past or future irreparable injury caused by the alleged trademark infringement. Thus, the court properly denied appellant's complaint for injunctive relief.

## Conclusion

The court in *SCI Sys., Inc., supra,* defined "laches" and "estoppel" as two distinct concepts. "Laches amounts to an unreasonable delay in enforcing one's rights whereas estoppel requires a finding of some affirmative conduct by the plaintiff. A finding of laches prevents a plaintiff from recovering damages for infringement that occurs prior to the filing of an action, *MGA, Inc. v. Centri–Spray Corp.* (E.D.Mich.1987), 699 F.Supp. 610, 612; whereas estoppel forecloses a plaintiff from obtaining injunctive relief. *Tandy Corp. v. Malone & Hyde, Inc., supra.*" *SCI Sys., Inc., supra,* at 1261.

We find that appellant Kaufman's four-year delay in instituting legal action against appellee Limobusters, Inc. was an unreasonable delay based on the evidence herein. Thus, the court properly created a presumption of laches and properly found the action barred by the doctrine of laches. Although there was no affirmative conduct by appellant Kaufman to require estoppel, appellant's request for injunctive relief was not shown by clear and convincing evidence to be an equitable remedy based on the within evidence.

Accordingly, for the foregoing reasons, we hold that the trial court properly granted summary judgment, as there were no genuine issues of material fact

presented and appellee "Limobusters, Inc." was entitled to judgment as a matter of law.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., JOHN F. CORRIGAN and PATTON, JJ., concur.