OPINION
{¶ 1} Plaintiff-appellant Nathan A. Graham ("Graham") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to the defendant-appellee Allen County Sheriff's Office ("Sheriff").
 {¶ 2} On April 23, 1999, Graham was sentenced to 10 years in prison for trafficking in cocaine, possession of cocaine with a firearms specification, and possession of marijuana with a firearms specification. Graham moved for release of various items seized, including a cell phone, a pager, keys and a key chain, papers, note, clothing, and $402.00. On April 21, 1999, the trial court ordered that all of the items, except the cash, should be returned to Graham's representative. Graham's mother signed a receipt on May 12, 1999, stating that she received one pager, three key chains and a key, magazines, letters, and papers. A note on the receipt indicates that the inventory forms reveal no cell phone or clothing was listed.
 {¶ 3} On May 7, 2001, the trial court granted the sheriff's office permission to destroy unclaimed items that had been seized. Any items previously taken from Graham but not returned to Graham's agent were among those to be destroyed. Those items were destroyed on May 17, 2001. On August 14, 2003, Graham requested the return of any seized items that remained. Graham also filed a motion to compel the Sheriff to comply with the 1999 order. The State replied with an affidavit that those items were destroyed pursuant to court order. On December 22, 2003, the trial court overruled the motion to compel.
 {¶ 4} On March 9, 2004, Graham filed a complaint against the Sheriff, claiming that the Sheriff had violated the court order by failing to return the items and requesting damages in the amount of $4,492.00. The Sheriff filed an answer on April 8, 2004. On July 23, 2004, the Sheriff filed his response to the request for production of documents. On January 5, 2005, Graham filed his motion for summary judgment based on the admissions. On that same day, the Sheriff filed a response to the request for admissions. The Sheriff filed his motion for summary judgment on January 20, 2005. Graham filed his memorandum in opposition to the Sheriff's motion for summary judgment on February 4, 2005. On February 9, 2005, the trial court denied Graham's motion for summary judgment and granted summary judgment to the Sheriff. Graham appeals from this judgment and raises the following assignments of error.
The trial court erred in granting summary judgment to [theSheriff] where [the Sheriff] asserted in its own filings thatgenuine issues of material fact existed, where the evidentiarymaterials submitted in the record demonstrated genuine issues ofmaterial fact and where reasonable minds could come to differingconclusions.
 The trial court abused its discretion in permitting [theSheriff] to file untimely responses to the admissions where theresponses were only filed after a motion for summary judgment onadmissions was filed and the reasons asserted for the delay inresponding were patently pretextual.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} In Graham's second assignment of error, he claims that the trial court erred by treating the Sheriff's submission of answers as amendments. Graham served his request for admissions on the Sheriff on October 8, 2004. The Sheriff did not file a response until January 5, 2005. Civil Rule 36 states as follows.
(A) A party may serve upon any other party a written requestfor the admission, for purposes of the pending action only, ofthe truth of any matters within the scope of Rule 26(B) set forthin the request that relate to statements or opinions of fact orof the application of law to fact, including the genuinesss ofany documents described in the request. * * * A party serving arequest for admission shall provide the party served with both aprinted and an electronic copy of the request for admission.* * * A party who is unable to provide an electronic copy of arequest for admission may seek leave of court to be relieved ofthis requirement. * * *
 (B) Any matter admitted under this rule is conclusivelyestablished unless the court on motion permits withdrawal oramendment of the admission.
Civ.R. 36. A trial court's decision whether to permit withdrawal of admissions rests within its discretion. Marusa v.Brunswick, 8th App. No. 04CA0038-M, 2005-Ohio-1135. Merely contesting the admissions in a motion for summary judgment meets the requirements of Civ.R. 36(B). Balson v. Dodds (1980),62 Ohio St.2d 287, 405 N.E.2d 293.
 {¶ 7} Here, the Sheriff clearly did not file its response to the request for admissions within the 28 days stated in the request. However, the Sheriff did deny the veracity of the admissions in its motion for summary judgment and did file responses. Thus the trial court had the authority to consider this as a motion to withdraw the admissions. A review of the record shows that Graham did not present any evidence that would indicate that permitting the amendment would unfairly prejudice him. Therefore, the trial court did not abuse its discretion by permitting the amendment to the admissions. The second assignment of error is overruled.
 {¶ 8} The first assignment of error alleges that the trial court erred by granting summary judgment to the Sheriff. In the request for admissions, the Sheriff denies that it destroyed property that was subject to return in that the destroyed property was relative to the crime for which Graham was convicted. Graham presented some evidence that items were listed in the inventory that had no connection to the crimes for which he was convicted.[1] Thus, viewing this evidence in a light most favorable to Graham, as is required when reviewing a summary judgment motion, this court must find that there is a genuine issue of material fact as to whether the items were related to the offenses for which he was convicted. The second assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Allen County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part and reversed in part and causeremanded.
 Cupp, P.J., and Shaw, J., concur.
[1] One of the attachments Graham provided was the BCI report which listed the items tested and identified which items contained no illegal substances. Included in this listing were hand rolled cigarettes containing no controlled substances and pipes containing no residue of controlled substances.