OPINION
{¶ 1} The plaintiff-appellant, Nathan A. Graham ("Graham"), pro se, appeals the judgment of the Allen County Common Pleas Court granting summary judgment in favor of the defendant-appellee, Allen County Sheriff's Office ("sheriff").
 {¶ 2} In March 1999, Graham pled guilty to trafficking in cocaine, possession of cocaine with a firearms specification, and possession of marijuana with a firearms specification. On April 15, 1999, Graham filed a motion requesting personal property the sheriff had seized pursuant to a search warrant. The trial court granted Graham's motion on April 21, 1999.[1] Two days later, the trial court sentenced Graham to an aggregate prison term of ten years. On May 12, 1999, Graham's agent, Becky Graham, signed a receipt stating she had received a pager, three key chains, one Honda key, and "miscellaneous magazines, letters and papers" from the sheriff. A note on the receipt indicates that a cell phone and clothing were not listed on the inventory forms and were not in the sheriff's possession. On April 30, 2001, the sheriff petitioned the court for an order to destroy personal property seized in a number of cases, including Graham's, which the trial court granted on May 7, 2001. The sheriff destroyed the property on May 17, 2001. On August 14, 2003, Graham requested the return of any seized property not previously returned, and he filed a motion to compel the sheriff to comply with the court's 1999 order.[2] The trial court overruled Graham's motion on December 22, 2003 because the property had been destroyed.
 {¶ 3} On March 9, 2004, Graham filed a complaint against the sheriff, which essentially alleged conversion and requested compensatory damages of $4,492.00. The sheriff filed an answer on April 8, 2004, asserting the defenses of laches, estoppel, release, statute of limitations, and waiver. On January 5, 2005, Graham filed a motion for summary judgment on admissions, and the sheriff filed a motion for summary judgment on January 20, 2005. Graham filed a response to the sheriff's motion, and on February 9, 2005, the trial court denied Graham's motion for summary judgment and granted the sheriff's motion. Graham appealed the trial court's judgment. In State v. Graham, 3rd Dist. No. 1-05-18, 2005-Ohio-4190, we affirmed the trial court's order denying Graham's motion for summary judgment. We also reversed that portion of the judgment entry granting summary judgment to the sheriff because there were genuine issues of material fact as to "whether the items were related to the offenses for which [Graham] was convicted." Id. at ¶ 8.
 {¶ 4} On remand, the trial court ordered the parties to file all pre-trial motions by January 6, 2006, including motions for summary judgment. On January 5, 2006, the sheriff filed a motion for summary judgment arguing that Graham's complaint is barred by the statute of limitations and laches. Graham filed a responsive pleading, the sheriff filed a reply, and Graham filed an additional pleading captioned "objection of plaintiff to defendant's reply contra to plaintiff's memorandum contra to defendant's motion for summary judgment". On January 31, 2006, the trial court filed its judgment entry granting summary judgment in favor of the sheriff. Graham appeals the trial court's judgment and asserts the following assignments of error:
The trial court erred and prejudiced Appellant when it abusedits discretion by granting summary judgment to Appellee afterremand when no new issues were presented which would demonstrateany absence of a genuine issue of material fact.
 The trial court erred and prejudiced Appellant through anabuse of discretion when it granted summary judgment to Appelleein contravention to law and upon reasons which are legallyimpermissible.
 {¶ 5} Because they are closely related, we choose to address both assignments of error together. In the first assignment of error, Graham contends that the trial court abused its discretion by granting summary judgment to the sheriff because the law of the case establishes a genuine issue of material fact; that the trial court abused its discretion by permitting the sheriff to file a motion for summary judgment after the case had been set for trial; and that the trial court abused its discretion because the sheriff raised no new issues in the second motion for summary judgment. In the second assignment of error, Graham contends the sheriff cannot prove the equitable defense of laches because it has produced no evidence of material prejudice. Graham also argues the sheriff does not have clean hands and that the trial court erred by issuing the order to destroy his property.
 {¶ 6} In response to the first assignment of error, the sheriff contends the second motion for summary judgment is "based upon the affirmative defenses of laches, waiver, estoppel and statute of limitations", which were properly asserted in its answer, but not raised in the previous motion for summary judgment. The sheriff contends the law of the case doctrine does not apply, and the trial court properly granted both parties leave to file motions for summary judgment. As to the second assignment of error, the sheriff contends that the statute of limitations bars Graham's complaint because it was filed more than four years after he discovered or should have discovered that items of seized personal property had not been returned to his agent. The sheriff also contends that the doctrine of laches bars Graham's complaint because he waited an unreasonable length of time before filing his complaint, and the sheriff was materially prejudiced by the delay.
 {¶ 7} A trial court's grant of summary judgment is reviewed de novo on appeal. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).
 {¶ 8} The moving party may file its motion for summary judgment "with or without supporting affidavits[.]" Civ.R. 56(A). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798, syllabus. Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the non-moving party to show why summary judgment is inappropriate. See Civ.R. 56(E). If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party. Id. Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-movant. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 360, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 9} Unlike Civ.R. 12, which requires all applicable defenses to be consolidated in a single motion, Civ.R. 56 contains no such provision. See Civ.R. 12(G)-(H). We are aware of no rule that prohibits a party from filing a subsequent motion for summary judgment. See generally St. Marys v. Auglaize Cty.Bd. of Commrs., 3rd Dist. No. 2-05-17, 2006-Ohio-1773;Internatl. Bhd. of Electrical Workers v. Stollsteimer Elec.,Inc., 3rd Dist. No. 4-05-29, 2005-Ohio-6866. In its initial motion for summary judgment, the sheriff argued that all personal property not related to Graham's convictions had been returned to his agent. On appeal, we found genuine issues of material fact as to whether some of the property retained, and later destroyed, by the sheriff were related to the offenses for which Graham was convicted. In the second motion for summary judgment, the sheriff argues that the statute of limitations and the doctrine of laches bar Graham's complaint. The law of the case doctrine is clearly inapplicable.
 {¶ 10} If a case has been set for pre-trial or trial, Civ.R. 56(B) permits a defending party to file a motion for summary judgment with leave of court. Absent an abuse of discretion, we will not reverse a trial court's decision to grant leave under Civ.R. 56(B), even if the case is set for trial. See generallyWoodman v. Tubbs Jones (1995), 103 Ohio App.3d 577, 582,660 N.E.2d 520, discretionary appeal denied (1995),74 Ohio St.3d 1405, 655 N.E.2d 184 (internal citation omitted). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted)). In this case, the trial court ordered all pre-trial motions, including summary judgment motions, to be filed by January 6, 2006. Pretrial Order, Dec. 16, 2005. The trial court also granted leave for Graham to file for summary judgment. Therefore, we cannot find that the trial court abused its discretion.
 {¶ 11} Actions to recover damages for the loss of personal property are subject to a four-year statute of limitations. See R.C. 2305.09(B); Thomas v. Columbus (1987), 39 Ohio App.3d 53,528 N.E.2d 1274. R.C. 2305.09 specifies that an action "for the wrongful taking of personal property * * * shall not accrue until the wrongdoer is discovered[.]" "`The discovery rule states that the statute of limitations does not begin to run until the plaintiff discovered, or through the exercise of reasonable diligence, should have discovered, the complained of injury.'"Thut v. Thut, 11th Dist. No. 2000-G-2281, 2001 WL 369674, at * 3 (quoting Smith v. Rudler, 11th Dist. No. 92-A-1753, 1993 WL 318797, at * 4 (citing Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 179, 546 N.E.2d 206)).
 {¶ 12} Graham's complaint essentially alleges conversion. "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96,551 N.E.2d 172 (citing Zacchini v. Scripps-Howard Broadcasting Co.
(1976), 47 Ohio St.2d 224, 226, 351 N.E.2d 454). Graham requested the return of his personal property on April 15, 1999, and the trial court ordered the sheriff to return those items of seized personal property that were not related to his convictions. The facts are undisputed that Becky Graham, acting as Graham's agent, retrieved several items of personal property on May 12, 1999. See Compl., Mar. 9, 2004, at ¶¶ 8-9. Graham contends he did not discover that the sheriff had retained some of his personal property until August 2003. Id. at ¶ 10.[3] Graham states he "did not discover that numerous items had been withheld by Defendants until he notified Becky Graham that he wished to sell his property." Memo. Contra Def.'s Mot. for Summ. J., Jan. 17, 2006, at 3-4. However, a principal is charged with the knowledge of his agent. In this case, Graham knew which items of personal property had been returned, and Graham should have known that the sheriff had not returned some of his personal property as of May 12, 1999. Therefore, the time within which suit must be brought began to run on May 12, 1999 and expired four years later on May 12, 2003. Graham's complaint, filed on March 9, 2004, is barred because it is clearly outside the statute of limitations, and the sheriff's defense of laches is rendered moot. See generally U.S.Playing Card Co. v. Bicycle Club (1997), 119 Ohio App.3d 597,603, 695 N.E.2d 1197 (citing Kaufman v. Limobusters Inc.
(1992), 76 Ohio App.3d 87, 89, 600 N.E.2d 1149) ("[t]he statute of limitations applicable to analogous actions at law is used to create a `presumption of laches'"). The first and second assignments of error are overruled.
 {¶ 13} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.
[1] The trial court ordered the sheriff to return a cell phone, a pager, "any keys and/or keychains", papers, letters, notes, clothing, and "any other property seized that is not relative to the crimes for which the Defendant has been convicted." J. Entry, Apr. 21, 1999.
[2] The motion to compel was filed in Graham's criminal case, Allen County Common Pleas Court case number CR 99-01-0002.
[3] Graham's complaint cites "August, 1993". However, we believe the year to be in error since the search warrant in this matter was not executed until 1998. Therefore, we believe Graham intended the year to be 2003.