JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Timothy Stacey, dba Barsteel, appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, Jade Sterling Steel Co. ("Jade"). Finding no error in the proceedings below, we affirm.
 {¶ 3} In November 2004, Stacey ordered and received 27,500 pounds of 6-1/2" HR ANNLD 4140 XR/L (steel bars) from Jade. Stacey was billed $15,468.75 for the steel bars. Despite repeated demands by Jade, Stacey never paid.
 {¶ 4} In October 2005, Jade filed a complaint against Stacey. Stacey filed an answer in January 2006. Jade served Stacey with requests for admissions and interrogatories on January 30, 2006. No response was received within the allotted time period. Thereafter, Jade filed a motion for summary judgment.
 {¶ 5} After receiving an extension, Stacey filed a response to Jade's motion for summary judgment, arguing that Barsteel, Inc. owed the debt, not Stacey individually. In addition, Stacey attached his discovery answers. Jade filed a reply brief contending that Barsteel, Inc. was not registered with the Secretary of State of Ohio and that Stacey was the proper party. Stacey filed a supplemental response explaining that Barsteel's attorney had mailed the articles of incorporation but apparently the state had never received them. Stacey argued that Barsteel, Inc. was a de facto corporation and requested a hearing on the matter. The trial court granted Jade's motion for summary judgment without hearing. This appeal follows.
 {¶ 6} Stacey advances one assignment of error for our review, which states the following:
 {¶ 7} "The trial court erred in granting summary judgment when there existed genuine issues of material facts as to who owed this debt."
 {¶ 8} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 9} Stacey argues that there is a genuine issue of material fact as to who or what entity owed the debt to Jade. Stacey asserts that in his answer he raised this as an affirmative defense, and that his discovery answers indicated that the debt was owed by the corporation, Barsteel, Inc., not Stacey.
 {¶ 10} Jade argues that because of Stacey's failure to respond to its discovery requests, all allegations material to Jade's claim for relief are deemed admitted by Stacey. Therefore, Jade asserts that the trial court properly granted summary judgment in its favor.
 {¶ 11} "It is * * * settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, and a motion for summary judgment may be based on such admitted matter. Weva Oil Corp. v. Belco PetroleumCorp. (1975), 68 F.R.D. 663; Luick v. Graybar Elec. Co. (1973),473 F.2d 1360; First Natl. Bank Co. v. Ins. Co. (1979), 606 F.2d 760; St. PaulFire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261,73 Ohio Op.2d 291, 337 N.E.2d 806. Failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by the requesting party at trial. See Youssef v.Jones (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176." Klesch v. Reid
(1994), 95 Ohio App.3d 664, 674; T S Lumber Co. v. Alta Constr. Co.,Inc. (1984), 19 Ohio App.3d 241, 243-244. "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in the case of a summary judgment." Id. at 675. Any matter admitted under Civ.R. 36 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B). Merely contesting the admissions in a motion for summary judgment meets the requirements of Civ.R. 36(B).Balson v. Dodds (1980), 62 Ohio St.2d 287, 291. Civ.R. 36(B) does not require that a written motion be filed, nor does it specify when such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court. Id.
 {¶ 12} An appellate court reviews a trial court's grant or denial of a motion to withdraw admissions under an abuse of discretion standard.Snyder v. Ford Motor Co., 3d Dist. No. 1-05-41, 2005-Ohio-6415, at T|14, citing Graham v. Allen County Sheriff's Office, 3d Dist. No. 1-05-18,2005-Ohio-4190. Abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable. Id. (Citations omitted.)
 {¶ 13} In this case, the trial court could reasonably find that, by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, Stacey satisfied the requirement of Civ.R. 36(B) that he move the trial court to withdraw or amend these admissions. Notwithstanding, the trial court either did not construe Stacey's motion as a Civ.R. 36(B) motion to withdraw or amend the admissions, or it denied Stacey's implied motion. Regardless, we find that the trial court did not abuse its discretion.
 {¶ 14} Stacey also argues that he should be given the opportunity to argue that Barsteel, Inc. was a de facto corporation according to the evidence presented in the pleadings, motions, and responses. We note that Stacey failed to cite any case law to support his contention that Barsteel, Inc. should be considered a de facto corporation. See App.R. 12(A)(2) and 16(A)(7).
 {¶ 15} In order for a business entity to achieve the status of a de facto corporation, there must be a good faith attempt to comply with the statutory provisions governing incorporation. Greenwald v. Rose and SynTech Products Corp. (Dec. 19, 1980), Lucas App. No. L-80-037; see, also,Cooper v. Stetler (June 18, 1981), Cuyahoga App. No. 42885; Beck v.Stimmel (1931), 39 Ohio App. 510. Where there is an absence of a good faith effort to incorporate or necessary steps are not taken to complete incorporation, individual liability may exist. See Greenwald, supra (finding no good faith effort made where original corporate documents remained unexecuted); Beck, 39 Ohio App. at 514 (finding no good faith effort made where necessary steps to complete incorporation were not taken).
 {¶ 16} In this case, Stacey claims that the articles of incorporation were prepared for Barsteel in 2001-2002 and were sent to the Secretary of State. Stacey further states that the business obtained an employer identification number, has filed corporate tax returns, and has been recognized as a corporation by other state agencies. Nevertheless, Stacey failed to show any good faith efforts were made to verify or complete the incorporation of Barsteel. While the initial articles may have been sent, there was no indication that they were accepted or approved by the Secretary of State or that the Secretary of State ever issued a certificate of incorporation to Barsteel. More than two years later, and despite the failure to ever verify the corporate status or the filing of the articles of incorporation, Stacey placed an order with Jade.
 {¶ 17} As there was no showing of a good faith effort to incorporate, we find the trial court did not abuse its discretion in denying the implied motion to withdraw without a hearing and granting summary judgment in favor of Jade.
 {¶ 18} Stacey's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A. J., and JAMES J. SWEENEY, J., CONCUR.